THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS, Defendant in Error.

*Opinion filed June 22, 1916.*

1. WORKMEN'S COMPENSATION—*act does not apply if the injury was received in act of inter-State commerce.* If the injury to a railroad employee occurs while engaged in inter-State commerce the Federal Employer's Liability act applies and there is no liability under the Illinois Workmen's Compensation act.

2. SAME—*when railroad employee is not engaged in inter-State commerce.* A railroad detective, employed to watch railroad yards, who is injured by being struck by an incoming freight train as he jumped from a cut of cars which were being switched on another track, cannot be said to have been engaged in inter-State commerce at the time of his injury, even though there were one or more cars in the yards containing inter-State freight, where the evidence does not show at what point in the yards the cars were, or that either the cut of cars on which he was riding or the incoming freight train carried inter-State freight.

Writ of Error to the Circuit Court of Peoria county; the Hon. Clyde E. Stone, Judge, presiding.

Stevens, Miller & Elliott, (M. L. Bell, and A. B. Enoch, of counsel,) for plaintiff in error.

Covey, Campbell & Covey, (Edwin V. Champion, of counsel,) for defendant in error.

Mr. Justice Cooke delivered the opinion of the court:

Nettie Bassett, administratrix of the estate of Robert L. Stockton, deceased, applied to the Industrial Board of Illinois for adjustment of her claim against plaintiff in error, the Chicago, Rock Island and Pacific Railway Company, on account of the death of her intestate. The Industrial Board awarded her the sum of $6.05 per week for a period of 416 weeks from the fourth day of April, 1914. Plaintiff in error sued out a writ of *certiorari* from the circuit court of Peoria county to review the record of the Industrial Board. Return was duly made to the writ, and upon the hearing in the circuit court judgment was entered quashing the writ. To review that judgment this writ of error has been sued out.

As stated by plaintiff in error, the point in controversy is whether the Workmen's Compensation act of Illinois or the Federal Employers' Liability act applies. If, as plaintiff in error contends, Stockton was engaged in inter-State commerce at the time of his injury then the Federal act applies and there is no liability under the Illinois Workmen's Compensation act. *Staley* v. *Illinois Central Railroad Co.* 268 Ill. 356.

The facts undisputed and stipulated are, that Stockton was employed by plaintiff in error as a watchman or detective in its yards in the city of Peoria. It was his duty to make the rounds of the yards and inspect the freight house and various portions of the yards to see whether or not anybody was improperly there, and he had authority

273 — 34

to arrest anyone trespassing in the yards. On the evening of April 4, 1914, while he was on duty in the yards, he met with an accident which resulted in his death on April 7. It was stipulated that at the time of the accident there were one or more cars containing inter-State freight within the yards. The record does not disclose the extent of plaintiff in error's yards, but the statement is made by counsel in one of the briefs, and it stands uncontradicted, that the yards were two or three miles in length. Stockton was injured in some manner between a transfer cut of cars in the yards and a freight train which was entering the yards. The head brakeman of the incoming train testified that he was riding on the engine of his train as it came in from the north; that he saw a switch engine with a transfer cut of cars coming from the south on an adjoining track and that Stockton was hanging on the side of one of the cars in that cut; that as the incoming train approached Morton street Stockton let go of the side of the car on which he was hanging and as he stepped to the ground the pilot beam of the engine of that train hit him, knocking him against the transfer cut, and these cars knocked him back against the step of the engine. The record is silent as to whether the transfer cut of cars or the incoming freight train carried local or inter-State freight.

In its contention that Stockton was engaged in inter-State commerce at the time of the accident plaintiff in error relies principally upon *Pedersen* v. *Delaware, Lackawanna and Western Railroad Co.* 229 U. S. 146. In that case it was said that there can be no doubt that a right of recovery under the Federal act arises only where the injury is suffered while the employee is employed by the carrier in such commerce, and that "the true test always is, is the work in question a part of the inter-State commerce in which the carrier is engaged?" This is the test laid down in all the cases dealing with this subject which have been called to our attention.

In *Illinois Central Railroad Co.* v. *Behrens,* 233 U. S. 473, a fireman on a switch engine was killed as a result of a head-on collision. The general work of the crew of which this fireman was a member consisted of moving cars from one point to another within the city of New Orleans over the tracks of the railroad company and connecting tracks. At times the crew switched cars loaded with inter-State freight, at other times it switched cars loaded with local freight, and at still other times switched cars loaded with both local and inter-State freight, the crew handling· inter-State and intra-State freight indiscriminately. At the time of the collision the crew was moving cars loaded entirely with local freight, and upon completing the movement was to gather up and take to other points several cars as a step or link in their transportation without the State. In applying the rule laid down in the *Pedersen case, supra,* the United States Supreme Court held that the Federal act did not apply. In passing upon this point the court said: ·"Here, at the time of the fatal injury, the intestate was engaged in moving several cars, all loaded with intra-State freight, from one part of the city to another. That was not a service in inter-State commerce, and so the injury and resulting death were not within the statute. That he was expected, upon the completion of that task, to engage in another which would have been a part of inter-State commerce is immaterial under the statute, for by its terms the true test is the nature of the work being done at the time of the injury."

Counsel for plaintiff in error contend that the *Behrens case* is not applicable, for the reason that the duties of Stockton, acting as a watchman or private detective, were indivisible, and if there was any inter-State freight within the yards at the time of the accident he must be held to have been engaged in inter-State commerce. We do not agree with this view, and we are of the opinion that the reasoning in the *Behrens case, supra,* applies, and that it

must be held that Stockton was not at the time of his injury engaged in inter-State commerce. It is true that it is conceded that there were one or more cars within the yards at the time of the injury which contained inter-State freight. Where these cars were located is not shown. If they were a part of the transfer cut which Stockton was engaged in inspecting or upon which he was hanging at the time of his injury the burden was upon plaintiff in error to show that fact. It must be assumed for the purposes of this case that none of the cars in this transfer cut contained inter-State freight. Had plaintiff in error shown that at the time of the accident Stockton was actually inspecting cars containing inter-State freight, or that cars containing such freight were at the moment within the line of his vision, a different question would be presented. For all this record shows, the cars containing inter-State freight may have been one, two or three miles distant from Stockton. If such were the case he could not reasonably be said to have been at that time engaged in a work which was a part of the inter-State commerce in which the carrier was engaged, and under such circumstances the accident to Stockton could in no way affect the handling of such inter-State freight. At such a distance Stockton was not able to exercise any authority or supervision over such freight, and it might be broken into, pilfered or injured as effectively whether Stockton was injured or uninjured.

The decision in this case is not necessarily controlled by the conclusion reached in the *Pedersen case, supra,* and we are not disposed to extend the doctrine there announced. As was said by the New York court of appeals in *Shanks v. Delaware, Lackawanna and Western Railroad Co.* 214 N. Y. 413: "The decision in the *Pedersen case* has been frequently referred to as extending the provisions of the act to the limit of legislative intention, and we think it should not be by us further extended."

Stockton was not at the time of the injury engaged in inter-State commerce, and the circuit court properly quashed the writ of *certiorari*.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*