On September 13, 1935, David Collier, Jr., was accidentally run over and killed by one of plaintiff in error's trains, while employed as a watchman in connection with the construction of a bridge in Blue Island, Illinois. The only dispute between the parties is whether the deceased was engaged in interstate commerce at the time he was killed. The Industrial Commission found that he was not, and this finding has been affirmed by the circuit court. The present writ of error was sued out to review that judgment.
The facts are not in dispute and the only evidence material to the issue is to be found in the testimony of Hubert D. Clark, who was a bridge engineer, employed by the railroad company.
The witness, Clark, testified before the arbitrator that he had charge of hiring the watchman in connection with this particular bridge construction work, and that the deceased was employed by him for the railroad company as a watchman to protect the company property in the vicinity of the construction work being carried on; that at this particular point, and at the time of Collier's death, a new steel and concrete bridge was under construction and was then being used by main-line traffic. The only evidence in the *Page 225 
record to indicate that the deceased had any duty at all in connection with watching the bridge, is an answer to a leading question asked by the attorney for the railroad company as follows: "A part of his duty was, as I understand it, to watch the material being used in the construction of the new bridge and to watch the bridge?" Answer, "Correct." The witness had previously stated, in answer to a question in proper form, that the duty of the deceased had been "to protect the company property in the vicinity of the construction work going on."
On a review before the commission the witness, Clark, was again called and testified that the company had lumber, cement, stone, steel and other equipment and materials about the vicinity of the bridge and that the deceased was employed as a watchman guarding this material. His exact answer was "he was hired to protect the materials of the company and also all the company property in the vicinity." In answer to a further leading question he stated that it would be a part of deceased's duties to keep the track clear of materials but did not testify to the performance of, or any necessity for, such service. Objections to further leading questions were sustained and, in answer to direct questions by one of the commissioners, the witness made it quite clear that the deceased was employed as a watchman to protect the property and materials of the company in the vicinity of the bridge.
When a railroad company seeks to relieve itself of its obligation to provide and pay compensation under the Workmen's Compensation act, it has the burden of showing that the work being done by the employee at the time and place of the injury was in fact in interstate commerce. (Illinois Central RailroadCo. v. Industrial Board, 284 Ill. 267.) The work of the employee at the time and place of injury must constitute a real and substantial part of the interstate commerce in which the "carrier" was engaged. (Illinois Central Railroad Co. v. Behrens,233 U.S. 473; *Page 226 Pederson v. Delaware Lackawanna and Western Railroad Co.
229 id. 146; Chicago, Rock Island and Pacific Railway Co. v. IndustrialBoard, 273 Ill. 528; Dickinson v. Industrial Board, 280 id. 342.) The true test is whether at the time of the injury, the employee was engaged in interstate transportation, or in work so closely related to it as to be practically a part of it. (Shanks v.Delaware, Lackawanna and Western Railroad Co. 239 U.S. 556.) The mere expectation that the employee would presently be called upon to perform a task in interstate commerce is not sufficient to bring the case within the Federal Employers' Liability act. ErieRailroad Co. v. Welsh, 242 U.S. 303; Illinois Central RailroadCo. v. Behrens, supra.
In the case of Chicago and Alton Railroad Co. v. IndustrialCom. 290 Ill. 599, the deceased was employed as a watchman to guard company property in its yards and particularly to watch for, and apprehend, certain thieves who had been stealing from interstate trains. In the course of his duties he was shot by two men who had stolen some coal, not a part of an interstate shipment. As in the case at bar the deceased was employed to watch railroad property of all kinds. We held in that case that the watchman was not engaged in interstate commerce and that the company's liability was fixed by the Workmen's Compensation act. In New York Central Railroad Co. v. White, 243 U.S. 188, the employee was a night watchman, charged with the duty of guarding tools and materials intended to be used in the construction of a new station and tracks upon a line of interstate railroad, and the fact was admitted that the new station and tracks were designed for use in interstate commerce. The Supreme Court of the United States held that this intended use did not bring the case within the Federal Employers' Liability act and stated the true test to be whether the employee, at the time of the injury, was engaged in interstate transportation, or in work so closely related to it as to be practically a part of it. *Page 227 
The plaintiff in error relies upon Pederson v. Delaware,Lackawanna and Western Railroad Co. supra, but the case is not close enough to this one on its facts to be of any assistance to us. The workman in that case was an iron-worker actually engaged in the alteration and repair of a bridge and tracks used by interstate trains. The work consisted of taking out a girder and inserting a new one, and the employee was injured while carrying a sack of tools and rivets to the job. Plaintiff in error also relies on Philadelphia and Reading Railroad Co. v. Di Donato,256 U.S. 327, but in that case the injured employee was engaged as a watchman guarding a public crossing, used indiscriminately by intrastate and interstate trains, which has uniformly been held to be a necessary part of interstate commerce. In the case at bar, the record indicates that Collier was charged only with the duty of watching materials, as in the case of New York CentralRailroad Co. v. White, supra. There was no public crossing involved, and there was no evidence to show that the deceased, at the time of his injury, was clearing the tracks of materials or doing anything in connection with the tracks or bridge. In fact, there is no evidence in the record to show exactly what he was doing at the time he was killed.
In all the cases cited by the plaintiff in error the employee was injured while performing an act which would necessarily aid in the movement of interstate commerce. In the case at bar, the employer has failed to sustain the burden of proving that the deceased was engaged at the time of his death in doing anything in furtherance of interstate commerce, and the Industrial Commission was justified in finding, as a matter of fact, that at the time of his death he was not so engaged.
The judgment of the circuit court confirming the award of the commission will be affirmed.
Judgment affirmed. *Page 228