(No. 25162.—

CHARLES M. THOMSON, Trustee, Defendant in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(SARAH MARTIN
*et al.* Plaintiffs in Error.)

*Opinion filed October 10, 1939—Rehearing denied Dec. 6, 1939.*

JOSEPH W. KOUCKY, for plaintiffs in error.

EDWARD W. RAWLINS, and LEE W. CARRIER, (K. L. RICHMOND, of counsel,) for defendant in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

This cause is before us on writ of error granted to review a judgment of the circuit court of Cook county, setting aside an award of the Industrial Commission in favor of plaintiffs in error, Sarah Martin, widow of Raymond Martin, deceased, and Anna Martin, a minor child of the deceased, by Sarah Martin, her next friend. On April 1, 1938, Raymond Martin was run over and killed by a switch engine of the Chicago and Eastern Illinois Railway Company, while employed as a freight car inspector and repairman. It was stipulated between the parties that the accidental death did arise out of and in the course of employment. The only question in dispute is whether or not the deceased was engaged in interstate commerce at the time he was killed. The arbitrator found that the petitioners were not entitled to an award because the deceased was engaged in interstate commerce at the time of the accident. The Industrial Commission, on review, overruled the arbitrator and found that the parties were operating under the Workmen's Compensation act and entered an award for

petitioners. The circuit court of Cook county reviewed the decision of the Industrial Commission on *certiorari,* and entered an order setting aside the decision of the commission, finding that the Industrial Commission had no jurisdiction of the case for the reason that the deceased and the railroad company were engaged in interstate commerce at the time of the accident.

The railroad company operated a less-than-carload-lots freight house and yard, having one main lead track from which branched three loading tracks and one transfer track. On tracks numbered 1, 2 and 3 were cars into which outbound freight was loaded. Track No. 4 was designated for cars bringing freight into Chicago for local interstation transfer. Testimony produced by the railroad company showed that on the date of the accident there was some article of interstate freight in each of the cars on the outgoing tracks, and that the cars on the local transfer track likewise contained articles being transported between States. Shipments designated for points within the State of Illinois were also contained in these cars.

The deceased was employed as a car man and inspector of the freight cars. His duties consisted of inspecting the cars, checking the oil boxes for proper lubrication, and repairing any defects which he might locate. If he discovered any car requiring major repairs he reported it for removal to the railroad shops. On the morning of April 1, Martin made his customary inspection of the cars, spotting a car on track No. 3 for removal from the yard for serious defect. At noon, deceased had lunch as usual with the other workmen and left with them to return to work. Between 12:30 and 1:00 o'clock that afternoon a local switch train, while removing the defective car from track No. 3, struck the deceased and killed him. The record fails to disclose what he was doing when the accident occurred. There is no evidence as to what kind of work the deceased performed between the time he finished lunch and the moment of the

accident. A foreman for the railroad testified that the defective car had no freight in it when it was being switched out of the freight house.

We are here confronted with a situation wherein the deceased was engaged in both interstate and intrastate commerce prior to the time he was killed. The record is silent as to what type of work the deceased was performing when the accident occurred. A railroad company which attempts to free itself from the obligation to pay and provide compensation under the Workmen's Compensation act must assume the burden of proving that the employee was actually engaged in interstate commerce at the time of the injury. (*Illinois Central Railroad Co.* v. *Industrial Board*, 284 Ill. 267; *Baltimore and Ohio Chicago Terminal Railroad Co.* v. *Industrial Com.* 366 id. 223.) The mere fact of employment with an interstate carrier does not force the conclusion that the employee is therefore engaged in interstate commerce. The carrier must show that at the time of the accident the employee was engaged in interstate transportation, or in work so closely related to it as to become a part of it. (*Chicago, Rock Island and Pacific Railway Co.* v. *Industrial Board*, 273 Ill. 528; *Chicago and Alton Railroad Co.* v. *Industrial Com.* 290 id. 599; *Shanks* v. *Delaware, Lackawanna and Western Railroad Co.* 293 U. S. 556.) The probability that the employee will be called upon to perform some work in interstate commerce does not suffice to bring the case within the Federal Employer's Liability act. *Baltimore and Ohio Chicago Terminal Railroad Co.* v. *Industrial Com. supra; Chicago and Alton Railroad Co.* v. *Industrial Com. supra.*

The Industrial Commission found that the railroad company did not sustain the burden of proving that the employee was engaged in interstate commerce. Where, as in this instance, it is impossible to determine from the evidence just what the deceased employee was doing when he was killed, this court will not substitute its judgment for

that of the Industrial Commission when there is substantial evidence to justify its findings. (*Grand Trunk Western Railway Co.* v. *Industrial Com.* 291 Ill. 167; *Lowden* v. *Industrial Com.* 367 id. 596.) There is sufficient proof in this case to support the finding of the Industrial Commission, and the circuit court should have confirmed the award.

The judgment of the circuit court of Cook county is reversed and the cause remanded to that court, with directions to reinstate and confirm the award of the Industrial Commission.

*Reversed and remanded, with directions.*