Before State Industrial Commission, Respondent.

In the Matter of the Claim of William P. Gallagher, as Guardian of Anna L. Gearrity and Other Children, Respondent, for Compensation under the Workmen's Compensation Law for the Death of Their Father, Daniel T. Gearrity, *v.* The New York Central Railroad Company, Employer and Self-Insurer, Appellant.

Third Department, November 14, 1917.

Workmen's Compensation Law — carpenter repairing coal pockets not engaged in interstate commerce, although coal taken therefrom for locomotives engaged in such commerce.

A carpenter in the general employ of a domestic railroad company who at the time he met his death was repairing coal pockets from which coal was used from time to time for locomotives engaged in interstate or intrastate commerce, was not engaged in repairing an instrumentality of interstate commerce, so as to render the Workmen's Compensation Law inapplicable.

Woodward and Cochrane, JJ., dissented.

Appeal by the defendant, The New York Central Railroad Company, from a decision and award of the State Industrial Commission rendered on the 7th day of September, 1916.

*Visscher, Whalen & Austin* [*Robert E. Whalen* of counsel], for the appellant.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* for the respondent Commission.

*Van Etten & Cook,* for the claimant, respondent.

KELLOGG, P. J.:

The appellant contends that the intestate was engaged in repairing an instrumentality of interstate commerce and, therefore, that the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd.) has no application. The decedent was a carpenter, in the general employ of the company, and at the time he met his death he was repairing its coal pockets, about half a mile north of Ravena, on a side track. Coal from the pockets was used from time to time for locomotives engaged in interstate or intrastate commerce as desired.

It is unprofitable to comment upon the numerous decisions bearing upon this question. A late decision of the Circuit Court of Appeals, Third Circuit, seems to be nearly on all fours with this case and decisive of it. *Kelly* v. *Pennsylvania Railroad Co.* (238 Fed. Rep. 95) involved the case of a carpenter who had been sent to repair a coal chute, and while on the way to the chute he stopped to direct the movement of a car of lumber from a storage track to the chute, for use upon the chute, and was injured. It was held that he was not engaged in interstate commerce at the time of the accident. If he was handling lumber to use in repairing the chute, he was to all intents and purposes repairing the chute, as the furnishing of the lumber was a necessary incident to the repairs.

Some of the cases go quite far in holding that the repairs of a railroad track used for the passage of interstate commerce is an employment in interstate commerce. The later cases seem to indicate that that reasoning is not to be extended, and the *Barlow* case (*Lehigh Valley R. R. Co.* v. *Barlow*, 244 U. S. 183) and other late cases seem to indicate that the rule is satisfied by limiting it to the track which is a direct instrumentality of interstate commerce.

I favor an affirmance of the award.

All concurred, except WOODWARD and COCHRANE, JJ., who dissented.

Award affirmed.