### TODD v. CHICAGO, M. & ST. P. RY. CO.

(District Court, D. Minnesota, Fourth Division.   September 12, 1923.)

1. Master and servant ⊙⟹256(1)—Complaint held to state cause of action under act.

In railway employee's action for injuries, complaint alleging that defendant was common carrier of interstate passengers and merchandise between points in different states, and maintained roundhouse and repair shop, for repair, etc., of equipment used in interstate commerce, and that plaintiff was in its employ as boiler maker's helper, and, at time of the accident, both he and defendant were engaged in interstate com-

merce, on its face stated cause of action within Employers' Liability Act (Comp. St. §§ 8657–8665).

2. **Removal of causes ⊚═25(1)—Case under Employers' Liability Act not removable unless allegations false and fraudulent.**

Where complaint, on its face, states cause of action within federal Employers' Liability Act (Comp. St. §§ 8657–8665), it is not removable to federal court unless allegations bringing it within such act are false and were made fraudulently for purpose of defeating defendant's right of removal.

3. **Master and servant ⊚═256(1)—Complaint under federal act must allege employment in interstate commerce.**

To state cause of action within federal Employers' Liability Act (Comp. St. §§ 8657–8665), complaint must allege that plaintiff at time he received the injuries complained of was engaged, and the instrumentality upon which he was working was employed, in interstate commerce.

4. **Removal of causes ⊚═107(4)—Allegations of petition admitted when not put in issue.**

Where allegations of petition for removal of cause to federal court are not put in issue, they stand admitted on motion to remand.

5. **Removal of causes ⊚═86(1)—Petition held not to allege sufficiently that allegations were made fraudulently to prevent removal.**

Petition for removal of cause to federal court, alleging that allegations of complaint that plaintiff was engaged in interstate commerce were untrue, and made for false purpose of preventing removal, did not sufficiently charge that plaintiff, knowing they were false, inserted such allegations fraudulently for purpose of defeating right of removal.

At Law. Action by Houghton O. Todd against the Chicago, Milwaukee & St. Paul Railway Company. On motion to remand to state court. Motion granted.

Devaney & Edwards and W. W. Patterson, all of Minneapolis, Minn., for the motion.

F. W. Root, C. O. Newcomb, and A. C. Erdall, all of Minneapolis, Minn., opposed.

McGEE, District Judge. This is a personal injury action commenced in the district court of LeSueur county, Minn., on the 1st of August, 1923, in which the plaintiff seeks to recover from the defendant damages stated in his complaint at $25,000, for injuries alleged to have been sustained by him while in the employ of the defendant as a boiler maker's helper in its shops at Harlowtown, Mont., on the 31st day of March, 1923.

The defendant caused the action to be removed to this court on the ground of diverse citizenship of the parties.

The plaintiff moves to remand the case to the state court on the following grounds:

(1) "That the complaint and record in said cause do not present a cause removable under the statutes and laws of the United States from said state court."

(2) "That said cause was improperly and unlawfully removed from said state court."

(3) "That the above-entitled court has no jurisdiction of said cause of action to hear or determine the same."

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The complaint, after alleging that the defendant during all the times therein mentioned "was and still is a railway corporation and common carrier of interstate passengers and merchandise by rail between the city of St. Paul, Minn., and the city of Seattle, Wash., its line of railway passing into and through the town or station of Harlowtown, Mont., at which point it maintains and operates a roundhouse and repair shop for the repair, rebuilding, and reconstruction of engines, cars, and equipment regularly used in connection with the carrying on of its interstate commerce business," further states "that during said time the plaintiff was in the employ of the defendant in the capacity of boiler maker's helper with the usual rights and duties incident to such employment, and at the time of the happening of the accident and injury to plaintiff hereinafter alleged, both the plaintiff and defendant were engaged and engaging in interstate commerce," and concludes with a statement of the alleged negligent acts of the defendant, which; it is asserted, resulted in the injuries which the plaintiff claims to have received in the boiler shop of the defendant at Harlowtown, Mont., on the 31st of March, 1923.

[1, 2] On its face the complaint states a cause of action under and within the provisions of the federal Employers' Liability Act (Comp. St. §§ 8657–8665), and by the express provisions of that act the case is not removable unless the allegations necessary to bring it within the terms of the act are false and were fraudulently made for the purpose of defeating the defendant's right to remove the case to this court.

The defendant resists the motion to remand on the grounds stated.

[3] It is unquestioned law that to state a cause of action within the provisions of the act above referred to, the complaint must allege, as it does in this case, that the plaintiff at the time he received the injuries complained of was engaged, and the instrumentality upon which he was working was employed, in interstate commerce.

The allegations of the petition for removal state a case on all fours in its facts with the cases of M. & St. L. R. R. Co. v. Winters, 242 U. S. 353, 37 Sup. Ct. 170, 61 L. Ed. 358, Ann. Cas. 1918B, 54; Industrial Accident Com. v. Davis, 259 U. S. 182, 42 Sup. Ct. 489, 66 L. Ed. 888.

[4] If the petition had been sufficient in other respects, the plaintiff could not succeed on his motion to remand, as the allegations of the petition for removal, not having been put in issue, stand admitted. Wilson v. Republic Iron & Steel Co., 257 U. S. 92, 42 Sup. Ct. 35, 66 L. Ed. 144.

[5] The petition for removal alleges:

"That all the allegations of said complaint that plaintiff was at the time of such alleged injuries engaged and engaging in interstate commerce are in all respects untrue and were made for the sole purpose of preventing the removal of this suit to said federal court."

Unless the parts of the complaint above quoted in the petition for removal are to be regarded as alleging not only that the allegations of the complaint mentioned therein are in all respects untrue, but were in-

serted in the complaint by the plaintiff with a knowledge of their falsity and for the fraudulent purpose of defeating the defendant's right of removal, the petition for removal is insufficient and the case must be remanded to the state court. Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 38 Sup. Ct. 237, 62 L. Ed. 713.

After having given the matter considerable thought, I am unable to reach the conclusion that the allegations of the petition for removal in the respects mentioned are sufficient and charge that the plaintiff, knowing they were false, inserted them in his complaint fraudulently for the purpose of defeating the defendant's right of removal.

If the facts at hand in the instant case warranted the defendant in charging the plaintiff with having given his complaint a false and fraudulent form for the purpose of defeating its right to remove the case to this court, it was a very simple matter to have charged the fraud in a direct manner and not left it to inference or presumption.

The motion to remand is granted.