# Konsoute, Appellant, *v.* Pennsylvania R. R.

*Negligence—Railroads — Federal Employment Act — Interstate commerce.*

1. In an action against a railroad company under the Federal Employer's Liability Act by an employee for injuries sustained while operating a locomotive, plaintiff cannot recover where he fails to prove that, at the time of the action, the locomotive in question was engaged in interstate transportation or in work so related to such transportation as to be practically a part of it.

2. The mere fact that plaintiff's general employment called upon him to work at times on locomotives engaged in both interstate and intrastate commerce, is immaterial, if such employment falls within a class where its duties can be split into separate acts of inter- and intrastate transportation, and he cannot show that, on the particular occasion of his injury, the locomotive on which he worked was engaged in interstate work.

Argued October 1, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 96, March T., 1926, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1923, No. 3489, for defendant n. o. v., in case of George N. Konsoute v. Pennsylvania Railroad Co. Affirmed.

Trespass for personal injuries. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff on which judgment n. o. v. was entered for defendant. Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record,

*J. Thomas Hoffman,* for appellant.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellee, was not heard.

PER CURIAM, November 22, 1926:

Plaintiff, who sued defendant for negligently injuring him, recovered a verdict, but the court below entered judgment for defendant n. o. v. and this appeal followed.

Plaintiff sued under the federal law, contending that, "at the time of his injury, he was engaged with the defendant in interstate commerce."

At trial, counsel for defendant admitted that it is a corporation "engaged in both interstate and intrastate commerce, and is a common carrier by steam railroad," but contended, and still contends, that plaintiff failed to prove he was engaged in interstate commerce at the time of his injury.

Locomotive No. 113 of defendant company had been in the shops for "heavy repairs" since March 31, 1921, and came out April 10, 1921, the day of the accident. Plaintiff and another employee of defendant were taking locomotive No. 2609 to pull No. 113 to a place in the train yard where it might be fired up for a test before again going into active service. While proceeding in the direction of No. 113, locomotive No. 2609 went off the track, and in the derailment plaintiff was injured.

There is no evidence on the record that either of these locomotives had been used in interstate commerce or were intended for such use, and it appears in plaintiff's case that "shifting-local-engines," that is, engines devoted to "shifting local [intrastate] freight," were used in the train yard where this accident happened. Whether or not the particular locomotives here involved were intended for use in both kinds of commerce, we agree with the court below that plaintiff failed to show he

was engaged in interstate commerce at the time of his injury; "therefore, his claim against defendant, if he has one, must be recovered under the State Employees' Compensation Act."

Finally, conceding that defendant moved both interstate and intrastate traffic and that one doing the kind of work which plaintiff performed in the course of his general duties must have worked on each class of locomotives, and also at times on those engaged in shifting and hauling both kinds of traffic,—on one occasion intrastate and on another interstate,—yet it would not follow from such general employment that, on the particular occasion of plaintiff's injury, he was engaged in "interstate transportation or in work so closely related to it as to be practically a part of it," which, according to Industrial Accident Commission v. Davis, 259 U. S. 182, 187, it is necessary for one to show "in order to displace state jurisdiction and make applicable the Federal Act." This case falls within a class where the duties of the injured person's regular employment can be split into separate acts of inter- and intrastate transportation.

The judgment is affirmed.