Smith, Appellant, *v.* Philadelphia & Reading Ry.

*Negligence — Railroads — Federal Employers' Liability Act of April 22, 1908, 36 St. L. 35—Interstate and intrastate commerce— Character of employment—Evidence.*

1. The Federal Employers' Liability Act of April 22, 1908, 36 St. 35, must be in necessary relation to the movement and safety of interstate transportation.

2. One claiming under the act must show a cause of action within the statute.

3. The statement must set forth with definiteness and clearness that the employee, at the time of his injury, was actually engaged in interstate transportation, or that the instrumentality or article was immediately connected with or related to such transportation so as to be a part of it.

4. The scope of the act has generally to do with the permanent equipment of a railroad and its rolling stock or movable equipment; in this sense, the thing upon which or about which the injury takes place must have actually been thrown into interstate transportation or movement, and not merely preparatory to or intended to be later used in such movement.

5. The chief question to be determined is the line of nearness to the actual movement in interstate transportation, where acts fall within or without it; each case must rest on its own facts.

6. The general rule is, "Was the employee, at the time of the injury, engaged in interstate commerce or in work so closely related to it as to be practically a part of it?"

7. In determining the question, the courts have been liberal in assigning instrumentalities and employments to interstate transportation.

8. But the work must be reasonably close to a movement in interstate transportation,—a train movement in some form; it must not be acts in preparation for or expectation of, but in actual furtherance of, interstate transportation.

9. Where coal has been unloaded by a railroad employee for storage purposes, it is not a part of interstate commerce, even if subsequently used in such commerce.

10. A railroad employee injured while unloading coal cannot recover from his employer under the Federal Employers' Liability Act, where he does not show that the coal was for immediate use in defendant's engines intended for interstate commerce, or that it was being unloaded into any equipment or instrumentality from which it was to be placed in tenders or conveyed to them, or that it was in chutes for reasonably near use by such engines.

Argued November 26, 1926.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 228, Jan. T., 1926, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1923, No. 7618, for defendant on question of law raised by affidavit of defense, in case of Alexander Smith v. Philadelphia & Reading Ry.    Affirmed.

Rule for judgment on question of law raised by affidavit of defense. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on question of law. Plaintiff appealed.

*Error assigned* was, inter alia, judgment for defendant, quoting record.

*John Francis Williams,* with him *Raymond Pace Alexander,* for appellant.—Plaintiff was entitled to show the facts of his case, for a determination thereby as to whether or not, at the time his injury was received, he was not engaged in interstate transportation, or work so closely related thereto as to be a part of it, which is the admitted test of the character of the employee's work, in both the federal and Pennsylvania courts: Sullivan v. Ry., 272 Pa. 429; Chicago, B. & Q. Ry. v. Harrington, 241 U. S. 177.

The unloading of coal for immediate use on locomotives engaged in interstate transportation is an interstate duty: Shanks v. Ry., 239 U. S. 556; Erie Ry. v. Collins, 253 U. S. 77; Hench v. Ry., 246 Pa. 1.

*Wm. Clarke Mason,* for appellee.—There is no averment which sufficiently identifies the use of the coal which plaintiff was handling at the time of the accident with a locomotive engaged in interstate service to evidence the aid to such service of plaintiff's employment: D., L. & W. R. R. v. Yurkonis, 238 U. S. 439; Lehigh Val. R. R. v. Barlow, 244 U. S. 183; Chicago, etc., R. R. v. Harrington, 241 U. S. 177; Murray v. R. R., 263 Pa. 398.

OPINION BY MR. JUSTICE KEPHART, January 3, 1927:

This action was begun under the Federal Employers' Liability Law, U. S. Compiled Statutes 8657, 8665. Plaintiff's statement avers that when injured he "was

engaged in unloading coal from defendant's cars, located on the property of defendant at Ninth and Green streets in the City of Philadelphia, which coal was for use in the defendant's locomotives, leaving the yard, some of which were used in interstate commerce." An affidavit of defense raising questions of law was filed, which the court below sustained, and judgment was entered for defendant.

The Federal Employers' Liability Act must be in necessary relation to the movement and safety of interstate transportation. One claiming under the Federal Liability Act must show a cause of action within the statute: Hench v. Pennsylvania Railroad Co., 246 Pa. 1, 4; P. & R. Ry. Co. v. Cannon, 296 Fed. 302, 304. The statement must set forth with definiteness and clearness that the employee, at the time of his injury, was actually engaged in interstate transportation, or that the instrumentality or article was immediately connected with or related to such transportation so as to be a part of it: Todd v. Chicago, M. & St. P. Ry. Co., 291 Fed. 910.

The scope of operation of the Federal Employers' Liability Act has generally to do with the permanent equipment of a railroad and its rolling stock or movable equipment; in this sense the thing upon which, or about which, the injury takes place must have actually been thrown into interstate transportation or movement, and not merely preparatory to or intended to be later used in such movement.

The essential characteristics of both commerces are easily distinguishable, "but how far instruments or personal actions are connected with either, or can be assigned to either, becomes in each case a matter of difficulty, and ground, it may be, of divergent judgments": Erie R. R. Co. v. Collins, 253 U. S. 77, 82. The chief question to be determined is the line of nearness to the actual movement in interstate transportation, where acts fall within or without it. This is sometimes very difficult of ascertainment, and has given rise to much

litigation. There are fields on either side of this line where the question of the character of employment may be easily determined, but there is a zone of uncertainty that lies between them, and in it our highest court has laid down no rigid rule to be followed in determining the character of the employment. Each case must rest on its own facts, for, unless the facts of any decided case are apposite, the decision would not control, though it may be an aid in ascertaining a correct answer.

The following general rule has been laid down for our guidance: "Was the employee, at the time of the injury, engaged in interstate transportation or in work so closely related to it as to be practically a part of it?" Shanks v. Delaware, Lackawanna and Western Railroad Co., 239 U. S. 556; Chicago, Burlington & Quincy Railroad Co. v. Harrington, 241 U. S. 177. This rule is to be applied as the circumstances require, as indicated by the following cases. In Delaware, Lackawanna & Western R. R. Co. v. Yurkonis, 238 U. S. 439, an employee was injured while mining coal owned by the railroad and destined for use in interstate commerce: it was held that he was not engaged in interstate commerce. So in Lehigh Valley R. R. Co. v. Barlow, 244 U. S. 183, the injury occurred while switching cars containing fuel coal, shipped from without the State, from a siding (where they had been placed on reaching the point of destination) to an unloading trestle; the employee was held not engaged in interstate commerce, since the interstate movement terminated when the cars reached the siding. In the Harrington Case, supra, the injury occurred while the car of coal was being moved from the storage tracks to the chutes on the trestle where it was to be subsequently used by engines engaged in both kinds of traffic, a step nearer the instrumentality of use than the Barlow Case, supra; but the act of putting the coal into interstate transportation did not take place. Shanks' Case, supra, was similar in its facts.

In the Collins Case, supra, the employee was in charge of a signal tower where switches controlling both commerces were constantly in use. A part of his duty was to run a gasoline engine which pumped water into a tank for the subsequent use of locomotives engaged in interstate and intrastate commerce. While he was starting this engine, the gasoline suddenly exploded, injuring him severely. It was held his work was then connected with interstate commerce. While Justice McKenna emphasized the fact of general employment at the tower where his services might be said to be constantly interstate, he observes that, while at the pump house, away from the tower and, for the time being, in a different service, "his duty there was performed and the instruments and facilities of it were kept in readiness for use and were used in both commerces as demanded, and the test of the cases satisfied." In the Szary Case, 253 U. S. 86, the employee was drying sand at a small shed near the tracks, to be used subsequently by locomotives in both commerces. He left the shed to dispose of some ashes, and from there had gone for a drink of water, when he was injured. Dry sand is necessary for use by engines. The injury occurred during an engagement in interstate commerce. Compare also Southern Pacific Co. v. Industrial Accident Commission of California, 251 U. S. 259; Phila., Baltimore & Washington R. R. Co. v. Smith, 250 U. S. 101.

In determining the questions presented by the above and other cases, the courts have been liberal in assigning instrumentalities and employment to interstate transportation. There is, however, a line fixed to ascertain that employment; that is, the work must be reasonably close to a movement in interstate transportation,—a train movement in some form. It must not be acts in preparation for, or expectation of, but in actual furtherance of, interstate transportation.

The statement of facts in this case does not show that the coal was for immediate use in defendant's engines,

or that it was being unloaded into the tenders of loco-
motives, or that it was unloaded into any equipment or
instrumentality from which it was to be placed into the
tenders or conveyed to them, or that it was in chutes
for reasonably near use by the engines. Though "some
of [the coal] was used in interstate commerce," how
long after it was unloaded until this occurred does not
appear. From the first part of the averment, the coal
may have been unloaded for storage purposes, clearly
not a part of interstate commerce (Kozimko v. Hines,
Director General, 268 Fed. 507), even if subsequently
used in such commerce. The statement does not show a
claim for damage compensable under the Federal Em-
ployers' Liability Act.

Judgment affirmed.