Rockingham, }
May 2, 1933. }

JAMES G. FEARS *v.* BOSTON & MAINE RAILROAD.

*Ralph G. McCarthy* (by brief and orally), for the plaintiff.

*Hughes & Burns* (*Mr. Burns* orally), for the defendant.

PEASLEE, C. J. The parties have agreed upon certain facts in the case for the purpose of ascertaining their rights thereunder in advance

of a trial. Those facts are that the plaintiff was employed in breaking down coal from a chute into a hopper, whence it was to be run into the tenders of interstate and intrastate locomotives indiscriminately. It was stated at the argument that under normal conditions the coal would drop by gravity into the hopper from the chute. That is, the hopper and chute were parts of a single structure, from which coal ran automatically into an engine tender below, whenever the shutter at the bottom of the hopper was open.

The top of the chute was open, and the combination of rain, snow and coal with thawing and freezing weather had formed a frozen crust at the top of the contents of the chute. The plaintiff was engaged in breaking down this crust when the accident occurred.

The problem of what employments are or are not within the scope of the federal employers' liability act has given rise to much litigation, and illustrative cases are very numerous. The supreme court of the United States has refrained from undertaking the impossible task of stating any test which would without doubt put each case in one class or the other. Beyond the general principle that the act applies if the work is so directly and immediately connected with interstate transportation as substantially to form part of it, or to be a necessary incident thereto (*New York Central Railroad* v. *Carr*, 238 U. S. 260; *Shanks* v. *Railroad*, 239 U. S. 556), the individual case must be decided in the light of illustrative instances which have been passed upon by that court.

In *Erie Railroad Company* v. *Collins*, 253 U. S. 77, an employee was engaged at the time of his injury in operating a pump which filled a water tank, from which water was taken by locomotives engaged in each class of service. In *Erie Railroad Company* v. *Szary*, 253 U. S. 86, the general employment of the servant was that of sanding interstate and intrastate engines. He was injured while carrying ashes from the stoves in the sand house to a nearby ash pit. In each instance it was held that the employee was within the act.

On the other hand, employees engaged in moving coal to the receptacle from which it is to be taken later by interstate locomotives are not within the act. *Chicago &c. Railroad Co.* v. *Harrington*, 241 U. S. 177. These cases would point clearly to the conclusion that the act applies to the plaintiff's case. As was said in a suit nearly identical with this: "The court in the Collins Case and the Szary Case drew the line around the water station and the sand house, and held that the man who was engaged in doing the things necessary for the operation of those facilities was engaged in interstate commerce."

*Ross* v. *Gordon,* 152 N. E. Rep. 296. Upon these cases, it would be clear that the line should be here drawn around the operation of the coal chute.

But in a later case, which was not called to our attention at the argument, the court in terms overruled the *Collins* and *Szary* cases. *Chicago &c. Railroad Co.* v. *Industrial Commission,* 284 U. S. 296. In that case the employee was oiling the motor which ran a hoist for delivering coal into a chute like the one wherein this plaintiff was injured. In holding the employee not to be within the terms of the act, the court said: "The only difference between those cases and this one is that here the work of the employee relates to coal, while in the *Collins* case it related to water, and in the *Szary* case, to sand. Obviously, the difference is not one of substance and if the *Collins* and *Szary* cases are followed a reversal of the judgment below would result.

"But in *Chicago, B. & Q. R. Co.* v. *Harrington,* 241 U. S. 177, . . . this court said: 'Manifestly, there was no such close or direct relation to interstate transportation in the taking of the coal to the coal chutes. This was nothing more than the putting of the coal supply in a convenient place from which it could be taken as required for use.'

"We are unable to reconcile this decision with the rule deducible from the *Collins* and *Szary* cases, and it becomes our duty to determine which is authoritative. From a reading of the opinion in the *Collins* case, it is apparent that the test of the *Shanks* case was not followed (see *p.* 85), the words 'interstate commerce' being inadvertently substituted for 'interstate transportation.' The *Szary* case is subject to the same criticism, since it simply followed the *Collins* case. Both cases are out of harmony with the general current of the decisions of this court since the *Shanks* case, *Chicago & Northwestern Ry* v. *Bolle, ante p.* 74, and they are now definitely overruled."

Judged in the light of this decision, it seems more probable that it should be held that the plaintiff was not within the act. His work of breaking down the frozen crust at the top of the hopper was, in the approved language of the *Harrington* case "nothing more than the putting of the coal supply in a convenient place from which it could be taken as required for use."

It is true that the earlier placement would have been sufficient but for the action of the elements. That action had caused the placement to be deficient. Without further labor upon it the coal was not in a condition to be delivered by the opening of the shutter. The plaintiff was not aiding a defective delivery from the chute, but putting

the coal in order for some future delivery. Such work does not come within the act, as its application is limited by the latest decision of the court of last resort.

The agreed facts negative the defendant's claim that the plaintiff was engaged in interstate transportation.

*Case discharged.*

All concurred.