Haney *v.* Baltimore & Ohio Railroad
Company, Appellant.

Argued October 7, 1936.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John E. Evans, Jr.,* of *Pugliese & Evans,* for appel-
lant.

*Oliver K. Eaton,* for appellee.

OPINION BY MR. JUSTICE LINN, November 23, 1936:

This appeal is from judgment for plaintiff in an action to recover for injury sustained by plaintiff while engaged in repairing a chute on a tipple used for coaling locomotives in defendant's Connellsville Yard. The coal tipple and the tracks alongside were instrumentalities used in interstate and in intrastate commerce. For present purposes we assume defendant's negligence as established by the verdict. Plaintiff sues under the Federal Employers' Liability Act, 45 USCA, sections 51-59. The defense was that plaintiff was not employed in interstate commerce, that his remedy, if any, was under the state Workmen's Compensation Law. He was a carpenter-helper. With other workmen he was replacing a chute (number 2 chute) on the coal tipple and was in the act of fastening a safety chain linking the end of the chute to the side of the tipple, when the injury occurred; it resulted from the breaking of the gin-pole (a yellow pine timber 3 inches x 6 inches) the end of which carried the block and tackle with which the chute had been hoisted and hinged into place. The coal tipple was about 150 feet long, and contained thirteen chutes. During the time occupied in taking down the old chute and replacing it, number 2 chute was necessarily out of service for both classes of commerce; this part of the instrumentality was being repaired for future use. The ropes used to raise the chute and hold it in place while it was being permanently fastened had been taken by the men across the track, adjoining the tipple, for their convenience in pulling up, instead of so managing them that they would not obstruct the track as the evidence showed might have been done. While the workmen were so engaged on the chute, an engine-hostler came along and told them to hurry, that he had an engine "to be coaled." It is not clear whether he wished them to get off the track with their ropes or to put the chute into service.

We assume that this engine was employed in interstate transportation; other chutes were available for coaling it.

The only question we need consider is whether plaintiff was employed in interstate transportation as the Supreme Court has defined that term in this connection. The test is: Was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it?: *Chicago, etc., R. R. Co. v. Industrial Commission of Illinois,* 284 U. S. 296; *New York, etc., R. R. Co. v. Bezue,* 284 U. S. 415. The application of the rule is illustrated in a number of cases from which we must conclude that plaintiff's employment at the time of his injury was not in interstate commerce. It has been held that a workman was not so employed in taking coal from a storage place to coal chutes to be supplied to locomotives of all classes, some of which were engaged or about to be engaged in interstate and others in intrastate traffic *(C., B. & Q. R. R. Co. v. Harrington,* 241 U. S. 177) ; or while engaged in oiling a motor that furnished power for hoisting coal into a chute to be supplied to engines principally employed in the movement of interstate freight: *Chicago, etc., R. R. Co. v. Industrial Commission of Illinois,* 284 U. S. 296. In holding that the plaintiff, in the last case referred to, was not employed in interstate commerce, the court found it necessary specifically to overrule two earlier cases in which the test quoted above had been misapplied. The first of these was *Erie R. R. v. Collins,* 253 U. S. 77, in which an employee, when injured, was operating a gasoline engine to pump water into a tank for the use of locomotives engaged in both classes of commerce. The second was *Erie R. R. v. Szary,* 253 U. S. 86, in which the workman was injured while drying sand for the use of locomotives operating in both classes of commerce. In the course of the opinion the learned court said: "We are unable to reconcile this decision [*Harrington's* Case, 241 U. S. 177] with the

rule deducible from the *Collins* and *Szary* cases, and it becomes our duty to determine which is authoritative. . . . Both cases are out of harmony with the general current of the decisions of this court since the *Shanks* case [239 U. S. 556], *Chicago & North Western Ry. Co. v. Bolle,* ante, p. 74, and they are now definitely overruled. The *Harrington* case furnishes the correct rule. . . ." See also *N. Y., etc., R. R. Co. v. Bezue,* 284 U. S. 415; *Smith v. P. & R. Ry.,* 288 Pa. 250.*

Judgment reversed and now entered for defendant.

---

* In the following cases the instrumentality being repaired was used for both interstate and intrastate commerce and the injured employee was held to be engaged in intrastate commerce: *Fears v. Boston, etc., R. R. Co.* (N. H.), 166 A. 283, plaintiff breaking down coal into a hopper; *Penna. R. R. Co. v. Manning,* 62 F. (2d) 293, (C. C. A. 3d), plaintiff, an electrician, injured by the use of a crane while he was inspecting an overheated electric motor which furnished power for the crane used in loading and unloading cars; *Kelly v. Pa. R. R. Co.,* 238 F. 95, (C. C. A. 3d), carpenter injured walking toward coal chute to repair it; *Gallagher v. N. Y. C. R. R. Co.,* 180 App. Div. 88, affirmed 222 N. Y. 649, (Cert. denied 248 U. S. 559), carpenter cutting bolt in repair of trestle up which cars were run to a coal pocket to supply engines: *Capps v. Atlantic Coast Line* (N. C.), 101 S. E. 216, (Cert. denied 252 U. S. 580), carpenter repairing coal chute.