# CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY *v.* HARRINGTON.

### ERROR TO THE KANSAS CITY COURT OF APPEALS OF THE STATE OF MISSOURI.

No. 853. Motion to dismiss or affirm submitted April 17, 1916.—Decided May 1, 1916.

Unless the injured employee of an interstate and intrastate carrier is engaged in interstate commerce at the time of the injury, the Federal Employers' Liability Act does not apply; and it is immaterial whether such employee had previously been, or in the immediate future was to be, engaged therein.

An employee of a carrier engaged in removing coal from storage tracks to coal chutes is not engaged in interstate commerce, even though the coal had been previously brought from another State and was to be used by locomotives in interstate hauls.  *Del., Lack. & West R. R.* v. *Yurkonis*, 238 U. S. 439.

The Federal Employers' Liability Act refers to interstate commerce in a practical sense; and the test is whether the employee at the time of the injury was engaged in interstate transportation, or in work so closely related thereto as to be practically a part thereof. *Shanks* v. *Del., Lack. & West. R. R.*, 239 U. S. 556.

180 S. W. Rep. 443, affirmed.

THE facts, which involve the validity of a judgment for damages recovered by the representative of an employee of an interstate carrier in the state court and under the state law, are stated in the opinion.

*Mr. J. G. L. Harvey* for defendant in error in support of the motion.

*Mr. William Warner, Mr. Oliver H. Dean, Mr. William D. McLeod, Mr. O. M. Spencer* and *Mr. H. M. Langworthy* for plaintiff in error in opposition thereto.

MR. JUSTICE HUGHES delivered the opinion of the court.

Margaret Harrington brought this action to recover damages for the death of her husband, Patrick Harrington, a switchman employed by the plaintiff in error. She obtained judgment under the state law, the plaintiff in error contending unsuccessfully that the decedent was engaged in interstate commerce and that the case was governed by the Federal Employers' Liability Act. 180 S. W. Rep. 443. The state court said, in its statement of facts:

"Defendant owns and operates a system of railroads covering this and a number of other western States and is a common carrier of both interstate and intrastate traffic. Its terminal yards at Kansas City are in Missouri and are an important center for the handling of both kinds of business originating upon and confined to defendant's lines, as well as for the interchange of business with other interstate railroads. Locomotives and cars

used in both kinds of traffic are received, sent out, cared for and repaired in the yards. The switching crew of which Harrington was a member did not work outside of this State and was engaged, at the time of his death, in switching coal belonging to defendant, and which had been standing on a storage track for some time, to the coal shed, where it was to be placed in bins or chutes and supplied, as needed, to locomotives of all classes, some of which were engaged or about to be engaged in interstate and others in intrastate traffic.—It may be conceded, as argued by defendant, that none of its locomotives or cars was set apart for service only in intrastate commerce. Defendant operated local trains from Kansas City to terminal points in this State which carried only intrastate commerce, but the locomotives and cars of such trains were subject to be diverted to other trains engaged in interstate commerce."

The plaintiff in error takes exception to the statement in part, asserting that there was no evidence that any of the locomotives, which were supplied with fuel from the coal chutes, were engaged exclusively in intrastate commerce, or that any of the defendant's trains within the State were engaged exclusively in that commerce. For the present purpose, we may assume the fact to be as stated by the plaintiff in error, and we may also assume, as it insists, that there was no evidence that the coal had been brought from mines within the State of Missouri or from mines owned by the plaintiff in error. With the movement of the coal to the storage tracks, however, we are not concerned; that movement had long since ended, as it is admitted that the coal was owned by the Company and "had been in storage in its storage tracks for a week or more prior to the time it was being switched into the coal chutes on the morning of the accident." So, also, as the question is with respect to the employment of the decedent at the time of the injury (*Illinois*

*Central R. R.* v. *Behrens,* 233 U. S. 473, 478), it is not important whether he had previously been engaged in interstate commerce, or that it was contemplated that he would be so engaged after his immediate duty had been performed. That duty was solely in connection with the removal of the coal from the storage tracks to the coal shed, or chutes, and the only ground for invoking the Federal Act is that the coal thus placed was to be used by locomotives in interstate hauls.

As we have pointed out, the Federal Act speaks of interstate commerce in a practical sense suited to the occasion and "the true test of employment in such commerce in the sense intended is, was the employé at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it." *Shanks* v. *Del., Lack. & West. R. R.,* 239 U. S. 556, 558, and cases there cited. Manifestly, there was no such close or direct relation to interstate transportation in the taking of the coal to the coal chutes. This was nothing more than the putting of the coal supply in a convenient place from which it could be taken as required for use. It has been held that an employee of the carrier while he is mining coal in the carrier's colliery intended to be used by its interstate locomotives is not engaged in interstate commerce within the meaning of the Federal Act (*Del., Lack. & West. R. R.* v. *Yurkonis,* 238 U. S. 439), and there is no distinction in principle between the two cases. In *Great Northern Ry.* v. *Knapp,* 240 U. S. 464, the question whether the employee was engaged in interstate commerce was not presented, as the application of the Federal statute was conceded in the state court.

                                   *Judgment affirmed.*