In the Matter of the Claim of BRON KLOCHYN, Respondent, against THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 11, 1926.

Workmen's compensation — interstate commerce — claimant was injured while working as carpenter in repairing shanty used by railroad watchman at crossing — railroad was engaged in interstate commerce — claimant was not engaged in interstate commerce at time of accident.

The claimant, who was injured while working as a carpenter repairing a watchman's shanty on a railroad at a street grade crossing, was not engaged in interstate commerce at the time of the injury, although the railroad itself was engaged in both interstate and intrastate commerce, and although the watchman at the crossing may have been engaged in interstate commerce and the shanty was used for the storage of tools of a track gang, which, when used, were used in interstate commerce.

APPEAL by The New York Central Railroad Company from an award of the State Industrial Board, made on the 25th day of January, 1926.

*Whalen, Murphy, McNamee & Creble* [*Robert E. Whalen* of counsel], for the appellant.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the State Industrial Board.

VAN KIRK, J. A compensation case involving the interstate commerce question. The employer was engaged in both interstate and intrastate commerce. Claimant, when he received his injury, was making necessary repairs to a watchman's shanty at a street grade crossing in the city of Syracuse. This shanty was constructed for and used by the watchman at this crossing, who worked long hours and when the weather was stormy and at times bitterly cold. He rendered part of his services as watchman while actually in the cabin. The cabin was also used to store the tools used by trackmen in keeping the roadbed and tracks in condition. It has been held that a crossing watchman, while doing his work, is engaged in interstate commerce (*Erie R. R. Co. v. Collins*, 253 U. S. 77); and the track gang, while repairing and maintaining the tracks and roadbed, is engaged in interstate commerce. But the question here is: Is a carpenter, making necessary repairs for the shanty used to shelter the watchman and the tools of the track gang engaged in interstate commerce?

The rule to be applied is stated in *Industrial Accident Commission of California v. Davis* (259 U. S. 182, 187) as follows: " Commerce

is movement, and the work and general repair shops of a railroad, and those employed in them, are accessories to that movement, indeed, are necessary to it, but so are all attached to the railroad company, official, clerical or mechanical. Against such a broad generalization of relation we, however, may instantly pronounce, and successively against lesser ones, until we come to the relation of the employment to the actual operation of the instrumentalities for a distinction between commerce and no commerce. In other words, we are brought to a consideration of degrees, and the test declared, that the employee at the time of the injury must be engaged in interstate transportation or in work so closely related to it as to be practically a part of it, in order to displace State jurisdiction and make applicable the Federal act." (See, also, *Shanks* v. *D., L. & W. R. R. Co.*, 239 U. S. 556.)

In the following cases the work of the employee has been held to be too remote from interstate commerce: A carpenter injured while repairing coal pockets, from which coal was constantly taken into engines actually engaged in interstate commerce (*Gallagher* v. *N. Y. Central R. R. Co.*, 180 App. Div. 88; affd., 222 N. Y. 649); an employee engaged in removing coal from tracks in the yards to the coal pockets (*Chicago, Bur. & Quincy R. R. Co.* v. *Harrington*, 241 U. S. 177); a workman engaged in repairing a toilet at a railroad station of the employer (*Vollmers* v. *N. Y. Central R. R. Co.*, 223 N. Y. 571); an employee engaged in altering a fixture in a shop maintained for repairing engines used in interstate commerce (*Shanks* v. *D., L. & W. R. R. Co.*, 239 U. S. 556). In the present case we think the claimant's work was too remote from interstate commerce. He was repairing the shanty to make it fit for its purpose, namely, to shelter the watchman and for the storage of tools. To the watchman, considering his health and welfare, the shanty was needful; to commerce, however, it was not directly essential; it was not so closely related to commerce as to be practically a part of it, a direct instrumentality of movement. Repairing the shanty is a step further removed from commerce movement than is the shanty itself and its use. As the shanty is needful to the watchman for shelter, so his clothing is needful to protect him while doing his work; still it could hardly be claimed that a man or woman who made necessary repairs to that clothing was engaged in interstate commerce. The fact that tools were kept in the shanty cannot affect the result. While the tools were stored they were withdrawn from commerce and it could hardly be said that every building in which track gangs kept their tools was directly connected with interstate commerce.

It is earnestly urged that the decision in *Hiser* v. *Davis* (234

N. Y. 300) requires a different conclusion. In that case the employee had been killed while removing an old smoke stack upon a boiler building that a new stack might be placed. The boiler building was part of the terminal of a ferry from Weehawken to New York and the boilers located therein supplied heat to the waiting rooms, ticket office and lavatories and hot water for the boats. An incoming ferryboat caused the accident. The court concluded that the applicance was such an essential instrumentality in carrying on defendant's business of interstate commerce that a man working therein was helping to carry on the processes of commerce. In *Industrial Accident Commission of California v. Davis* (*supra*, 188) Mr. Justice McKENNA said it is not now possible to declare a standard invariable by circumstances or free from confusion in applying the rules to cases of this kind. " Besides, things do not have to be in broad contrast to have different practical and legal consequences. Actions take estimation from degrees and of this, life and law are replete with examples." We believe the holding in the *Hiser* case is not entirely applicable or controlling in this case. In its relation to commerce movement, the shanty is more similar to an office building, in which the officers and clerks of the railroad company are sheltered while performing their duties in connection with interstate commerce, than to a ferry terminal through which all interstate passengers must pass before leaving the property of the carrier. A carpenter repairing such an office building would not be held to be engaged in interstate commerce. (See, also, the *Vollmers Case, supra*.)

The award should be affirmed, with costs.

Award unanimously affirmed, with costs to the State Industrial Board.