TENNESSEE RAILROAD COMPANY *v.* MRS. A. B. CHITWOOD.

(*Knoxville*, September Term, 1931.)

Opinion filed November 14, 1931.

CHAS. H. DAVIS and FOWLER & FOWLER, for plaintiff in error.

RAY H. JENKINS, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The assignments of error in this Court, here on appeal from an award of compensation for the accidental death of the husband of petitioner, while in charge as conductor of one of the Railroad's freight trains, raise the sole question that two certain empty cars in this particular train were in course of interstate transportation from Danville, Ky., via Oneida, Tenn., to Fork Mountain, Tenn., a point on defendants' line, which extends from Oneida, on the Southern Railway to said point; and that the transportation of said cars being interstate petitioner may not recover compensation under the Act of 1919, which provides (Section 6, Chap. 123), that, ''This act shall not apply to: (a) any common carrier doing interstate business while engaged in interstate commerce.'' Conceding that ultimate destination controls, and that intention and prevailing custom are persuasive in determining the issue, a principle applied in the more modern decisions of the Federal Courts, in keeping with an apparent tendency to extend and broaden the scope of interstate commerce application, the trial judge, in a full and able opinion and finding of fact, holds that ''there is no testimony that when these two cars left Danville, Kentucky, that they were

started in interstate transportation to the Tennessee Railroad Company,'' or that they were designated or ''destined for Fork Mountain, Tennessee, or any other point on the defendant's line,'' beyond the Junction Yards at Oneida, where the record shows they were placed, with other empty cars, by the Southern Railway, on the 21st of August, 1930, four days before they were transported, on August 25th, by defendant to Fork Mountain, by the train which deceased was conducting when accidentally killed. Defendant railroad is a short line of forty-one miles only, confined largely to coal hauling, and lying altogether within this State. The sole ground for the insistence made by the Railroad is that in the deceased's train of cars on this trip there were two coal cars, which had been brought some days before to the Southern Railway yards at Oneida, defendants' terminus, and there left available for delivery to defendant, if requested, and that these two cars were subsequently delivered to defendant in response to its request, but not for these or any specific cars, and subsequently loaded with coal for interstate shipment. It is insisted for petitioner that the movements were distinct, that the cars came to a ''rest'' in the Oneida yards, and that they were not in interstate commerce at the time of the accident.

Giving application to the rule governing the consideration in this Court on appeals in compensation cases, the fact findings of the trial judge are conclusive, if supported by any material evidence. This the able counsel for appellants concede, but make the question of law arising on the uncontroverted facts.

From these facts it appears that these cars were transported from Danville, Kentucky, to Oneida and left there

in the yards, without designation of further or particular transportation. Quite obviously, these cars were subject, during the four days intervening before their allocation to and transportation by defendant, to consignment and delivery to any such other parties as the Southern Railway might elect to serve. There was nothing directing their course to any specific point beyond Oneida. They were subject to call and use by other coal operators in the district, and to ultimate shipment when loaded to local points. They had been placed in storage at Oneida to remain subject to future disposition. The general intention shown to ship cars into this State to this point for distribution for coal hauling cannot be so coupled with their transportation, pursuant to subsequent allocation to the defendant's line, as to make out a case of continuous shipment in the sense recognized by any of the decisions as an essential of an interstate transaction.

We have examined the cases cited by learned counsel, but find none of them construing such facts as we have here as constituting interstate transportation. Undoubtedly, empties when conveyed interstate may be within the rule. *North Carolina Railroad Co.* v. *Zackary,* 232 U. S., 248, 259, but this case is not otherwise in point. Cases cited dealing with goods shipped to a state seaboard with clearly evident ultimate foreign port destination, such as *Southern Pac. Terminal* v. *Interstate Commerce Commission,* 219 U. S., 498, and *La. Railroad Commission* v. *Texas & Pa. Ry.,* 229 U. S., 336, are not controlling. The fact of fixed purpose found in those cases is what is not established here. This distinction applies likewise to those cases relied on annotated in 60 A. L. R., 1471 et seq. The essential continuity of

movement was found, when it appeared, regardless of the forms of the bills of lading used, that the shipments had been started at the initial point with a definite interstate objective.

We find evidence supporting the finding of the trial judge that these cars were started from Danville for transportation to Oneida only, there to be subject to delivery to defendant Railroad at that point, if and when thereafter requisitioned; but this informal consignment was not only without any direction or reservation as to the ultimate point of transportation, or as to any further transportation whatever, but they were stored in the Southern Railway yards subject to distinct and independent disposition among other local or neighboring shippers. This pronounced element of indefiniteness is inconsistent with the essential continuity.

Counsel for petitioners cite several cases, among them, *Ill. Central R. R.* v. *Peery,* Vol. 37, p. 122, Sup. Court Reporter; *Rice* v. *Balt. & Ohio Railroad* (Sixth Cir.), 42 Fed. Rep. (2d), 387; *C. B. & Q. Railroad* v. *Harrington,* 241 U. S., 177. However, while expressions in these opinions are consistent with the view now taken, no case has been found so similar on its facts as to be controlling of the case before us.

For the reasons indicated the judgment must be affirmed.