## SOUTHERN PAC. CO. v. MIDDLETON.
### No. 6166.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1931.

Rehearing Denied Jan. 25, 1932.

Del W. Harrington, of El Paso, Tex., for appellant.

Gowan Jones, of El Paso, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee received the injuries for which he sues in Arizona while working there for the Southern Pacific Company. That company was operating and transacting its business in that state in full compliance with the Arizona Workmen's Compensation Act (Rev. Code Ariz. 1928, § 1391 et seq.); that act therefore affords plaintiff his only measure of relief, unless he was, as he contends, injured, while engaged in interstate commerce. New York Central R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629; Raymond v. Chic., Milwaukee & St. Paul R. Co., 243 U. S. 43, 37 S. Ct. 268, 61 L. Ed. 583.

Appellant before, throughout, and at the end of, the trial, pressing the exclusive character of the remedies afforded by the Arizona law, urged dismissal of the cause. Its motions were overruled and the cause retained as one arising under the Federal Employers' Liability Act (45 USCA §§ 51–59). So. Pac. Co. v. Industrial Accident Comm., 251 U. S. 259, 40 S. Ct. 130, 64 L. Ed. 258, 10 A. L. R. 1181; N. Y. Central R. Co. v. Marcone, 281 U. S. 346, 50 S. Ct. 294, 74 L. Ed. 892. This was error.

It was appellee's burden to prove facts making the federal act applicable. Osborne, Rec. v. Gray, 241 U. S. 16, 36 S. Ct. 486, 60 L. Ed. 865. He failed to do so. What he had been doing before, and what he was doing at the time of, his injury is shown by the testimony of plaintiff and of Haynes, under whom he was working, and with whom, at the time of his injury, he was returning to Bowie, Ariz., after completing an inspection and reconnaissance at and near the Tonto Cliff Dwellings, a little way out from Globe. These facts are that he and Haynes had been working together out of Bowie for two or three days setting stakes for a grading contractor who was restoring an embankment between Bowie and Solomon on a branch line from Bowie to Globe, Ariz.

Having gotten sufficiently ahead of the contractor, they suspended that work for a while and went by motor car to Globe for the purpose of making an inspection and reconnaissance near the Tonto Cliff Dwellings, a tourist spot on an automobile road about a mile and a half long built by the Southern Pacific Company off the main highway from Globe to Phoenix toward and within a short distance of those dwellings. There they had made, as a basis of a report to the Interstate Commerce Commission, a physical inventory of a small building constructed

there by the railroad company. That done, they had made an investigation for the purpose of determining the feasibility of continuing the road to the cliffs. If continued, this road was to be used in the same way as the road already constructed was being used, in connection with side trips for tourists. This extension had not been determined upon, the right of way had not even been secured; they were simply making a preliminary view of it to see if, from an engineering standpoint, it was practicable to build a road there. Their work concluded, they returned to Globe and stayed the night there. On their way back to Bowie the next morning over the rails of appellant, in a motor car furnished by it, the car was derailed, causing the injury.

Whatever of confusion as to the state of the law has arisen from tendencies at times manifested in decisions applying the Employers' Liability Act to depart from the restrictive meaning "transportation" given to the word "commerce" used in the act (Shanks v. D., L. & W. R. Co., 239 U. S. 556, 36 S. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797; Chicago, B. & Q. R. Co. v. Harrington, 241 U. S. 177, 36 S. Ct. 517, 60 L. Ed. 941), this confusion has been dissipated in Chic. & N. W. Ry. Co. v. Eugene Bolle, 52 S. Ct. 59, 61, 76 L. Ed. ——. In that case the court, reaffirming the doctrine of the Shanks Case, said:

"It will be observed that the word used in defining the test is 'transportation', not the word 'commerce.' The two words were not regarded as interchangeable, but as conveying different meanings. Commerce covers the whole field of which transportation is only a part; and the word of narrower signification was chosen understandingly and deliberately as the appropriate term.

"The business of a railroad is not to carry on commerce generally. It is engaged in the transportation of persons and things in commerce; and hence the test of whether an employee at the time of his injury is engaged in interstate commerce, within the meaning of the act, naturally must be whether he was engaged in interstate transportation, or in work so closely related to such transportation as to be practically a part of it."

Whether plaintiff was or was not at the time of his injury employed in interstate commerce in the broad sense that what he was concerned with had remote connection with the agencies and instrumentalities set up to conduct that commerce, it is perfectly clear that he was neither "engaged in interstate transportation, nor a work so closely related to such transportation as to be practically a part of it."

The judgment of the court below is reversed, and the cause remanded to that court, with directions to dismiss appellee's action for want of jurisdiction, but without prejudice to his rights under the Workmen's Compensation Law of Arizona.

On Rehearing.

PER CURIAM.

While we were and still are of the opinion that under the undisputed facts of record plaintiff was not and could not have been engaged in interstate transportation at the time of his injury (Chicago & N. W. R. Co. v. Bolle, 52 S. Ct. 59, 76 L. Ed. ——, November 23, 1931; Chicago & Eastern Ill. R. Co. v. Industrial Comm., 52 S. Ct. 151, 76 L. Ed. ——, decided January 4, 1932) in view of appellee's insistence in his motion for rehearing that he was in fact so engaged, and will on another trial be able to make proof of that fact, we withdraw so much of the former judgment as directs the District Court to dismiss appellee's action for want of jurisdiction, and in lieu thereof order that the judgment of the court below be reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.

The motion for rehearing is denied.