## CHICAGO & EASTERN ILLINOIS RAILROAD CO. v. INDUSTRIAL COMMISSION OF ILLINOIS ET AL.

No. 79. Argued December 1, 1931.—Decided January 4, 1932.

*Mr. Edward W. Rawlins,* with whom *Mr. Thomas P. Littlepage* was on the brief, for petitioner.

*Mr. Samuel E. Hirsch,* with whom *Messrs. Morris K. Levinson* and *K. L. Johnson* were on the brief, for respondents.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Thomas, an employee of the railroad company, in attempting to oil an electric motor while it was running, was injured by having his hand caught in the gears. The railroad was engaged in both intrastate and interstate commerce. The motor furnished power for hoisting coal into a chute, to be taken therefrom by, and for the use of, locomotive engines principally employed in the movement of interstate freight. An action was brought before the Industrial Commission of Illinois to recover compensation for the injury under the provisions of the Workmen's Compensation Act of Illinois.

The railroad company contended, and an arbitrator, appointed by the commission, found, that the work in which Thomas was engaged was in interstate commerce, that the case, therefore, was not within the state act and the commission was without jurisdiction. The commission, on review, held otherwise and awarded compensation aggregating $2,184.64. The court below affirmed the award upon a writ of certiorari authorized by state statute. The state supreme court, in the exercise of its discretion, declined to review the judgment; and the case is

properly here on certiorari to the state circuit court. *American Ry. Express Co.* v. *Levee,* 263 U. S. 19, 20; *Western Union Tel. Co.* v. *Crovo,* 220 U. S. 364, 366.

The contention that Thomas was employed in interstate commerce at the time of the injury, rests upon the decisions of this court in *Erie R. Co.* v. *Collins,* 253 U. S. 77, and *Erie R. Co.* v. *Szary,* 253 U. S. 86. In the *Collins* case the employee, at the time of his injury, was operating a gasoline engine to pump water into a tank for the use of locomotives engaged in both interstate and intrastate commerce. In the *Szary* case the duty of the employee was to dry sand by the application of heat for the use of locomotives operating in both kinds of commerce; and he was so employed when injured. In each case this court held that the employee was engaged in interstate commerce at the time of the injury, within the terms of the Federal Employers' Liability Act.

The only difference between those cases and this one is that here the work of the employee related to coal, while in the *Collins* case it related to water, and in the *Szary* case, to sand. Obviously, the difference is not one of substance and if the *Collins* and *Szary* cases are followed a reversal of the judgment below would result.

But in *Chicago, B. & Q. R. Co.* v. *Harrington,* 241 U. S. 177, the injured employee was engaged in taking coal from storage tracks to bins or chutes for the use of locomotives used in the movement of both interstate and intrastate traffic; and this court held that the service was not in interstate commerce. After quoting the test for determining whether an employee is engaged in interstate commerce, laid down in *Shanks* v. *Delaware, L. & W. R. Co.,* 239 U. S. 556, 558, namely, "was the employé at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it," this court said (p. 180), " Manifestly, there

was no such close or direct relation to interstate transportation in the taking of the coal to the coal chutes. This was nothing more than the putting of the coal supply in a convenient place from which it could be taken as required for use."

We are unable to reconcile this decision with the rule deducible from the *Collins* and *Szary* cases, and it becomes our duty to determine which is authoritative. From a reading of the opinion in the *Collins* case, it is apparent that the test of the *Shanks* case was not followed (see p. 85), the words "interstate commerce" being inadvertently substituted for the words "interstate transportation" The *Szary* case is subject to the same criticism, since it simply followed the *Collins* case. Both cases are out of harmony with the general current of the decisions of this court since the *Shanks* case, *Chicago & North Western Ry. Co.* v. *Bolle*, ante, p. 74, and they are now definitely overruled. The *Harrington* case furnishes the correct rule, and, applying it, the judgment below must be

*Affirmed.*