## MIDDLETON v. SOUTHERN PAC. CO.*
### No. 6696.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1932.

Gowan Jones, of El Paso, Tex., for appellant.

Del W. Harrington, of El Paso, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Middleton prosecutes this appeal from a verdict directed against him on the ground that his case is not one under the Federal Employers' Liability Act (45 USCA §§ 51-59). The District Judge thought the case ruled by our opinion on the former appeal. Southern Pacific Co. v. Middleton, 54 F.(2d) 833, 834. We think so too.

On the former trial it appeared that prior to engaging in the work which had called them to Globe, Middleton and Haynes had been doing work in interstate commerce; they had, in the words of Haynes "quit their

*Rehearing denied January 10, 1933.

regular job, the job that called them to Arizona, to go to Globe." We held that this job, from which upon the uncontradicted testimony of Haynes, they were returning to El Paso by way of Bowie, was not "interstate transportation, nor work so closely related to such transportation as to be practically a part of it."

On this trial Middleton offered additional testimony to the effect that on the morning of the accident, Haynes told him that he did not ship the instruments back to Bowie "because we would need them on our trip back that day." "We were presumably returning to the work where we had left off the previous Wednesday in the vicinity of Bowie, several miles north. There was no definite assignment of work other than in the vicinity of Bowie, but we were to make an inspection of the line as we went along. When we got back from Globe my expectation was that we were to continue this work we were on. We were to inspect the track along the way and resume work where we left off the previous Wednesday." While on the former trial he testified: "I do not recall making any stops on our return trip from Globe; if we made a stop I do not recall it." On this trial he testified that they were looking at the condition of the track, and that they stopped, or at least slowed down to a stop, at several places.

Further, though he testified that he did not know Mr. Haynes' purpose, was to reach Bowie in time to take the passenger train to El Paso, he testified: "I was under Mr Haynes. I did not act independently in anything." He also said that El Paso was his headquarters, and that he had never spent a Sunday away from there. Haynes testified: "When we got through with Globe the next thing on the program was not to return to Bowie, it was to return to El Paso, because we had instructions wherever possible to return there for Sunday; not to spend Sunday on the road. So Friday night I was thinking of returning to El Paso. It was my intention to return there. Returning to Bowie was not a part of our work. It was part of returning to El Paso. We were eight or ten days ahead of the contractors and there was nothing else to do but come home, and that was what we were doing at the time of the accident, and all we were doing. I carried the instruments on the car because we were told never to ship our instruments by train. There was no other work to be done between Globe and Bowie but inspect the stock pens at Rice, and I decided we would not have time to inspect them."

On this testimony Middleton urges that though the work which called them to Globe and beyond was not within the act, the fact that he expected to resume the same work after he got back to Bowie, and the fact that he testified they were intending to and did conduct a running inspection of the track while on their hurried way back to Bowie, put him in interstate commerce.

We do not think so. The fact, which was all that the new testimony of Middleton established, that his expectation was when he got back to Bowie to resume the work he had done before he left, would not put him in interstate commerce at the time of the injury. It is settled law that the work which one is actually doing at the time of the injury, and not the work which he expects to do, determines whether he is engaged in interstate commerce, Illinois Central v. Behrens, 233 U. S. 473, 34 S. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163, and that the mere expectation that one previously, but not presently, engaged in such commerce, would in the immediate future return to it, is not sufficient to bring the case within the act, Erie R. R. v. Welsh, 242 U. S. 303, 37 S. Ct. 116, 61 L. Ed. 319; Chicago, B. & Q. R. Co. v. Harrington, 241 U. S. 177, 36 S. Ct. 517, 60 L. Ed. 941; Pope v. Utah-Idaho Cent. R. Co. (C. C. A.) 54 F.(2d) 575. Neither would the fact, as testified to by Middleton, that while returning from Globe to Bowie he and Haynes made casual observations in their hurried trip to catch the El Paso train, do so. c/f Gulf, M. & N. R. Co. v. Myer, 145 Miss. 555, 110 So. 444.

The statute contemplates actual, direct work in such commerce, and if Middleton's evidence stood alone, it would not be sufficient to make out a case.

But it does not stand alone. It must be taken in the light of the uncontradicted testimony of Haynes, who, according to both of them, was in charge of the expedition and who controlled and determined what they were doing and would do. He testified that returning to Bowie was no part of their work; it was part of returning to El Paso. That they were eight or ten days ahead of the contractors, and there was nothing else to do but come home. That they were not doing any work on the way back; that they would not have had time to do it.

There is no contradiction to this positive testimony of Haynes, a disinterested witness in charge of the work, in the supposition of Middleton as to their purpose in returning to Bowie, or in his statement that on the way they discussed rocks which had fallen from the sides of the cut, or slowed down to make casual observations of unusual places in the track. At best, Middleton's statements make a case of a person who was expecting, when he returned to the base of operations from doing a job which was not connected with interstate commerce, to resume work which was, and who, while on his way back to headquarters, made casual observation and note of conditions of the track over which he was riding, in the general line of his regular work.

It has been repeatedly held that the true test is the nature of the work actually being done at the time of the injury, not what the employee might do, or was expecting later to do. Under that test plaintiff's case fails this time as it did before.

The judgment is affirmed.