## PENNSYLVANIA R. CO. v. MANNING.
### No. 4732.

Circuit Court of Appeals, Third Circuit.
Dec. 17, 1932.

294

Robert D. Dalzell and Dalzell, Dalzell, McFall & Pringle, all of Pittsburgh, Pa., for appellant.

J. Thomas Hoffman, of Pittsburgh, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

Leo Manning brought this action under the Federal Employers' Liability Act (45 USCA §§ 51–59) to recover for injuries that he had sustained while in the employ of the Pennsylvania Railroad Company.

The case was tried to the District Court and a jury, and Manning obtained judgment on a verdict in his favor. The railroad company appealed.

At the time of the accident the railroad company employed Manning as an electrician in its classification yards at Conway, west of Pittsburgh, Pa. He was ordered to inspect and care for an overheated electrical motor that provided the motivating power for a traveling crane, used in loading and unloading scrap metal from cars, used, according to his testimony, in both interstate and intrastate commerce. But there is no testimony tending to show whether the crane was being used specifically for loading and unloading cars in interstate transportation at the time of the accident. Manning believed it necessary to inspect the motor that was on the carriage of the crane. This could be done safely, if the crane was in operation, only while unloading. After several unloading trips, the operator of the crane apparently forgot that Manning was on the carriage and began a loading operation. As a result, Manning was painfully injured.

The Federal Employers' Liability Act provides that a railroad engaged in interstate commerce shall be liable in damages for the injuries of an employee suffered while employed in interstate commerce.

The railroad company insists that Manning was not engaged in interstate commerce at the time he was injured and that the trial court should have directed a verdict in its favor.

Recently, and since the trial of this case, the Supreme Court has removed any conjecture as to the correct test for determining whether an injured employee is engaged in interstate commerce. Chicago & Northwestern Railway Company v. Bolle, 284 U. S. 74, 52 S. Ct. 59, 76 L. Ed. 173; Chicago & Eastern Illinois Railroad Company v. Industrial Commission, 284 U. S. 296, 52 S. Ct. 151, 76 L. Ed. 304. The test it laid down in these cases was that which it had before applied in Chicago, Burlington & Quincy Railroad Company v. Harrington, 241 U. S. 177, 36 S. Ct. 517, 60 L. Ed. 941, and in Shanks v. Delaware, Lackawanna & Western Railroad Company, 239 U. S. 556, 558, 36 S. Ct. 188, 189, 60 L. Ed. 436, L. R. A. 1916C, 797, wherein the court said: "Having in mind the nature and usual course of the business to which the act relates and the evident purpose of Congress in adopting the act, we think it speaks of interstate commerce, not in a technical legal sense, but in a practical one better suited to the occasion, * * * and that the true test of employment in such commerce in the sense intended is, Was the employee, at the time of the injury, engaged in interstate transportation, or in work; so closely related to it as to be practically a part of it?"

In Chicago & Eastern Illinois Railroad Company v. Industrial Commission, supra, an employee of the railroad, engaged in both interstate and intrastate commerce, was injured while oiling a motor which furnished the power for hoisting coal into a chute to be taken therefrom by, and for the use of, locomotives principally used in hauling interstate freight. It was decided that the employee was not engaged in interstate commerce within the meaning of the Federal Employers' Liability Act.

The court definitely overruled Erie Railroad Company v. Szary, 253 U. S. 86, 40 S. Ct. 454, 64 L. Ed. 794, and Erie Railroad Company v. Collins, 253 U. S. 77, 40 S. Ct. 450, 64 L. Ed. 790, stating that the test of the Shanks Case, supra, had not been applied, the words "interstate commerce" being inadvertently substituted for "interstate transportation." The facts of both cases are similar to those of Chicago & Eastern Illinois

Railroad Company v. Industrial Commission. In the Collins Case, the employee, at the time of his injury, was operating a gasoline engine to pump water into a tank used to supply locomotives in both interstate and intrastate commerce; and in the Szary Case, the employee was engaged, when injured, in his regular duty of drying sand by the application of heat for the use of locomotives operating in both kinds of commerce.

Coming to the present case, Manning, at the time he received his injuries, was inspecting an electrical motor that furnished the power to a crane which loaded and unloaded cars used in both interstate and intrastate commerce. Was he engaged in interstate transportation or in work so closely related to it as to be practically part of it? Under the doctrine declared in the above cases, he was not, for his work was merely incidental to the work which the crane did and it might or might not have been primarily used in aid of interstate transportation. There is no closer or more direct relation to interstate transportation in Manning's case than there was in the case of Chicago & Eastern Illinois Railroad Company v. Industrial Commission.

The judgment of the District Court is reversed.