## POFF v. WASHINGTON TERMINAL CO.
### No. 5996.

Court of Appeals of the District of Columbia.
Argued Jan. 16, 1934.
Decided Feb. 12, 1934.

Julius C. Martin and Claude A. Thompson, both of Washington, D. C., for appellant.

George E. Hamilton, John J. Hamilton, George E. Hamilton, Jr., and Henry R. Gower, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment for the defendant (appellee here) in the Supreme Court of the District.

In his declaration plaintiff alleged that the defendant was a common carrier by railroad engaged in interstate and foreign commerce or commerce solely within the District of Columbia, and as such common carrier owned and maintained a large ice plant with numerous ice machines, ammonia pumps, and other equipment for the manufacture and supplying of ice to railway companies engaged in interstate commerce in the District and for the use of its passenger station, refrigeration cars, and refrigeration generally; that the plaintiff was an employee of the defendant in the District, working as a machinist's helper in the electric-generating plant and ice plant of the defendant; that in removing the head of an ammonia-distribution pump, used in the manufacture of ice, ammonia, which was under heavy compression, "flew out in great quantities, into the plaintiff's eyes, nose, face and mouth, and seriously and dangerous-ly wounded and injured him"; and that the injury was due to the defendant's negligence.

Defendant demurred to the declaration, contending that plaintiff at the time of the injury was not employed in interstate or foreign commerce or commerce solely within the District of Columbia, and hence that his only remedy is under the Longshoremen's and Harbor Workers' Compensation Act (chapter 509, 44 Stat. 1424, title 33, c. 18, § 901 et seq., U. S. C. Supp. VI, 33 USCA § 901 et seq.) as made applicable in the District of Columbia by the Act of May 17, 1928 (45 Stat. 600, title 19, §§ 11 and 12, D. C. Code, 1929).

The court sustained the demurrer, and plaintiff excepted and appealed.

The Federal Employers' Liability Act of April 22, 1908 (chapter 149, 35 Stat. 65, title 45, § 51 et seq., U. S. C., 45 USCA § 51 et seq.), provides that "every common carrier by railroad in the * * * District of Columbia * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in any of said jurisdictions * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier," etc. Section 2 of the act, section 52, tit. 45, U. S. C., 45 USCA § 52. This act is comprehensive and exclusive. New York Central R. R. Co. v. Winfield, 244 U. S. 147, 151, 37 S. Ct. 546, 61 L. Ed. 1045, L. R. A. 1918C, 439, Ann. Cas. 1917D, 1139; New York Cent., etc., R. R. Co. v. Tonsellito, 244 U. S. 360, 362, 37 S. Ct. 620, 61 L. Ed. 1194.

The Act of May 17, 1928 (chapter 612, 45 Stat. 600, title 19, §§ 11 and 12, D. C. Code, 1929), made the Longshoremen's and Harbor Workers' Compensation Act (Act of March 4, 1927, c. 509, 44 Stat. 1424, title 33, c. 18, § 901 et seq., U. S. C. Supp. VI, 33 USCA § 901 et seq.) applicable as a workmen's compensation law in the District, and applied to "every person carrying on any employment in the District of Columbia" (section 1, Act of May 17, 1928 D. C. Code 1929, T. 19, § 11). But in section 2 it was expressly provided that the act should "not apply in respect to the injury or death of * * * (2) an employee of a common carrier by railroad when engaged in interstate or foreign commerce or commerce solely within the District of Columbia." D. C. Code 1929, T. 19, § 12. As to such employees the Federal Employers' Liability Act still applies. As to all other employees in the District (with certain

574

exceptions not here material), the Workmen's Compensation Law was to apply.

To bring the case within the terms of the Employers' Liability Act, the defendant must have been at the time of the injury engaged as a common carrier in interstate commerce or commerce solely within the District of Columbia, and the plaintiff employee must have been employed by a carrier in such commerce or in work so closely related to it as to be practically a part of it. Shanks v. Delaware, L. & W. R. Co., 239 U. S. 556, 558, 36 S. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797; Nor. Car. R. R. Co. v. Zachary, 232 U. S. 248, 256, 34 S. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159; Del., Lack. & West. R. R. v. Yurkonis, 238 U. S. 439, 444, 35 S. Ct. 902, 59 L. Ed. 1397; Southern Ry. Co. v. Taylor, 57 App. D. C. 21, 16 F.(2d) 517. That the removal of the cylinder head of an ammonia pump in the power house, part of the equipment of defendant's plant for supplying ice used in its passenger station, refrigerator cars, and refrigeration uses generally, is not interstate commerce or commerce solely within the District of Columbia, is plain. Shanks v. Delaware, L. & W. R. Co., 239 U. S. 556, 36 S. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797; Chicago & N. W. Ry. Co. v. Bolle, 284 U. S. 74, 52 S. Ct. 59, 76 L. Ed. 173; Chicago & E. I. R. Co. v. Commission, 284 U. S. 296, 52 S. Ct. 151, 76 L. Ed. 304.

In the Shanks Case the carrier was engaged in interstate and intrastate transportation, and Shanks was employed in its machine shop repairing parts of locomotives used in such transportation, but on the day of the injury was engaged solely in taking down and putting into a new location an overhead countershaft (a heavy shop fixture) through which power was communicated to some of the machinery used in the repair work. In speaking of the Employers' Liability Act, the court said (239 U. S. at page 558, 36 S. Ct. 188, 189, 60 L. Ed. 436, L. R. A. 1916C, 797): "The true test of employment in such commerce in the sense intended, was the employé, at the time of the injury, engaged in interstate transportation, or in work so closely related to it as to be practically a part of it?" Applying this test, the court held that the work in which Shanks was engaged at the time of the injury was too remote from interstate transportation to be practically a part of it, and therefore denied relief under the act.

In Chicago & E. I. R. Co. v. Commission, 284 U. S. 296, 52 S. Ct. 151, 76 L. Ed. 304 (known as the Thomas Case), Thomas, an employee of the railroad, was injured in attempting to oil an electric motor while it was running. The motor furnished power for hoisting coal in a chute, to be taken therefrom by, and for the use of, locomotive engines principally employed in the movement of interstate freight. The court observed that the contention that Thomas was employed in interstate commerce at the time. of the injury rested upon the decisions of that court in Erie R. Co. v. Collins, 253 U. S. 77, 40 S. Ct. 450, 64 L. Ed. 790, and Erie R. Co. v. Szary, 253 U. S. 86, 40 S. Ct. 454, 64 L. Ed. 794. In the Collins Case the employee, at the time of his injury, was operating a gasoline engine to pump water into a tank for the use of locomotives engaged in both interstate and intrastate commerce. In the Szary Case the duty of the employee was to dry sand by the application of heat for the use of locomotives operating in both kinds of commerce. In each case the Supreme Court had held that the employee was engaged in interstate commerce within the meaning of the Federal Employers' Liability Act. The court in the Thomas Case, after stating that there was no substantial difference in the two cases just referred to and the case then under consideration, determined that the true rule was stated in the Shanks Case, and therefore overruled the Collins and Szary Cases.

In the present case the Employers' Liability Act does not apply. Plaintiff's remedy, if any, is under the Workmen's Compensation Law.

It results, therefore, that the judgment must be affirmed.

Affirmed.