**LOUISVILLE & N. R. CO. v. BRITTAIN.***
No. 8589.

Circuit Court of Appeals, Fifth Circuit.
Dec. 8, 1937.

*Rehearing denied Jan. 13, 1938.

Chas. H. Eyster, of Decatur, Ala., and White E. Gibson, of Birmingham, Ala., for appellant.

Horace C. Alford and G. R. Harsh, Jr., both of Birmingham, Ala., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, under the Federal Employers' Liability Act (45 U.S.C.A. §§ 51–59), was for damages for personal injuries. The claim was that defendant was a common carrier engaged in interstate commerce; that plaintiff was an employee of defendant in the Bridges and Buildings Department; and that when injured by defendant's negligence, he was engaged in interstate transportation, or in work so close to it as to be practically a part of it, to wit, transporting timbers to repair the platform of a nonagency station. The defenses under the general issue pleaded in short·by consent were: (1) That the facts of the injury did not make out a case under the act; (2) that the defendant was not negligent; and (3) that plaintiff was. The evidence in, defendant moved for a verdict, and the motion overruled, excepted. It excepted too, to what, under the undisputed facts, was in effect a peremptory instruction that plaintiff's case was under the act.[1] This appeal from the judgment on a jury verdict for plaintiff tests whether the overruling of defendant's motion was error.

The sole point urged is that, as matter of law, what plaintiff was admittedly engaged in doing, to wit, hauling timbers to ·replace unsound sills, and to close in the space under the platform of the nonagency station at Blount Springs, was not transportation, nor was it work so close to it as to be practically a part of it.

Appellant makes much of the fact that the station at Blount Springs is a nonagency one, Yazoo & Mississippi Valley Ry. Co. v. Nichols & Co., 256 U.S. 540, 41 S.Ct. 549, 65 L.Ed. 1081; Columbia Motors Co. v. Ada County, 42 Idaho 678, 247 P. 786, 48 A.L.R. 950; that is, that there was not, and for six years past there had not been, either a ticket or a freight agent there, but only a caretaker who lived in the depot, and sent notices of freight received and warehoused there. It insists that though some interstate ·freight comes on occasions to Blount Springs, and by the use of skids and trucks is run onto and over the platform and into the depot, and there warehoused until the merchants come for it, these occasions are infrequent and irregular. It insists, too, that the nonagency question aside, plaintiff having nothing whatever to do with the unloading or delivery of such freight, was not engaged in transportation, or in work so close to it as to be practically a part of it. For he was in the repair, rather than in the transportation department of the

---

[1] "If plaintiff was going from Trafford on a motor car furnished by the defendant, for the purpose of putting sills under the platform at Blount Springs, to support the flooring, and that the shipments of freight from out of the state into the state were unloaded from the cars and hauled over that platform into the station, then he would be engaged in interstate commerce. In other words, if that was a place to transfer freight from the cars into the depot, and used for that purpose, then he would be engaged in interstate commerce."

railroad, and the work he was immediately engaged in doing was in connection with the repair of a building, and such work, under all the authorities, is not within the act. It cites in support New York, N. H. & H. Ry. Co. v. Bezue, 284 U.S. 415, 52 S.Ct. 205, 76 L.Ed. 370, 77 A.L.R. 1370; Chicago & E. I. Ry. Co. v. Industrial Comm., 284 U.S. 296, 52 S.Ct. 151, 76 L.Ed. 304, 77 A.L.R. 1367; Chicago & N. W. Ry. Co. v. Bolle, 284 U.S. 74, 52 S.Ct. 59, 76 L.Ed. 173; Chicago, B. & Q. R. Co. v. Harrington, 241 U.S. 177, 36 S.Ct. 517, 60 L.Ed. 941; Shanks v. Delaware, L. & W. R. Co., 239 U.S. 556, 36 S.Ct. 188, 60 L.Ed. 436, L.R.A.1916C, 797; Poff v. Washington Terminal Co., 63 App.D.C. 86, 69 F.2d 572; Pennsylvania R. Co. v. Manning (C.C.A.) 62 F.2d 293; Minneapolis & St. L. R. Co. v. Nash, 242 U.S. 619, 620, 37 S.Ct. 239, 61 L.Ed. 531; Kansas City So. R. Co. v. Quin (C.C.A.) 85 F.2d 485; Castonguay v. Grand Trunk R. Co., 91 Vt. 371, 100 A. 908; Boyer v. Pennsylvania R. Co., 162 Md. 328, 159 A. 909; Gasser v. Central R. Co. of N. J., 112 Pa.Super. 420, 171 A. 97; Klochyn v. New York C. R. Co., 218 App.Div. 295, 218 N.Y.S. 207; Allen v. St. Louis-S. F. R. Co., 331 Mo. 461, 53 S.W.2d 884; Chesapeake & Ohio R. Co. v. Rucker, 246 Ky. 161, 54 S.W.2d 642; Montgomery v. Terminal R. Ass'n of St. Louis, 335 Mo. 348, 73 S.W.2d 236; Boles v. Hines (Mo.App.) 226 S.W. 272. Cf. Southern Pacific Co. v. Middleton (C.C.A.) 54 F.2d 833; Middleton v. Southern Pacific Co. (C.C.A.) 61 F. 2d 929.

Appellee, urging that the act should be liberally construed, insists that the case is controlled by Pedersen v. Delaware, L. & W. R. Co., 229 U.S. 146, 33 S.Ct. 648, 57 L.Ed. 1125, Ann.Cas.1914C, 153; an injury sustained by a repairman while working on or about a railroad bridge; Baltimore & O. S. W. R. Co. v. Burtch, 263 U.S. 540, 44 S.Ct. 165, 68 L.Ed. 433, freight being unloaded to a platform; Jonas v. Missouri Pacific R. Co. (Mo.App.) 48 S.W.2d 123, unloading ties from a car placed on an industrial switch; ·Louisville & N. R. Co. v. Stewart's Adm'r, 207 Ky. 516, 269 S.W. 555, a workman painting an elevator shaft for elevating coal to a chute; Sheehan v. Terminal Railway Ass'n, 336 Mo. 709, 81 S.W.2d 305, 307, a workman on a freight and baggage elevator in a railroad station; New York Central R. Co. v. Porter, 249 U.S. 168, 39 S.Ct. 188, 63 L.Ed. 536, a section hand shoveling snow upon railroad premises between the main track and a platform; Van Dusen v. Dept. of Labor and Industries, 158 Wash. 414, 290 P. 803, a workman repairing an ice machine in a railroad building; Dowell v. Wabash Ry. Co. (Mo.App.) 190 S.W. 939, one repairing a track leading to scales on which interstate freight is weighed.

Both appellant and appellee are agreed on the principle which controls the case; both admit the binding force of that principle. Each insists that if applied here, the result will be in his favor.

. It may not be gainsaid that the pattern the decisions have pricked out is not of a wholly uniform design. In the attempt to apply the principle to varying facts some of the cases have at times pointed in directions which, if followed, would lead to results quite different from those indicated by the current of decision as it is now running. Some difficulties have been encountered in the attempt to apply the principle to employees working in the transportation departments where there was a close question whether a movement was intra or inter state. But the greatest number and the most serious of the difficulties have arisen in connection with injuries incurred by employees in the repair departments. These difficulties have arisen out of the effort to determine, not whether these employees were engaged in transportation, because admittedly they were not, but whether the repairs which they were doing were so close to transportation as to be practically a part of it. Some of the confusion caused by some of these decisions has been removed by the recent Supreme Court decisions reported in 284 U.S., supra. Those overruling Erie R. Co. v. Collins, 253 U.S. 77, 40 S.Ct. 450, 64 L.Ed. 790, and Eric R. Co. v. Szary, 253 U.S. 86, 40 S.Ct. 454, 64 L.Ed. 794, have restated and reapplied the principle as it was laid down in the Shanks and Harrington Cases supra. There remains the difficulty of giving full effect to the Pedersen Case, a repairman going to work on a railroad bridge, and at the same time adhering to the limitations laid down in the Shanks and Harrington Cases, and given recent authoritative support in the series of cases reported in 284 U.S.

Appellee, urging the Pedersen Case upon us, insists that if a bridge worker carrying bolts to repair a railroad bridge was engaged in work so close to interstate transportation as to be practically a part of it, a member of the Bridges and Buildings De-

partment in carrying timbers to repair the sills under, and to wall up the space around an unloading platform of a railway station, nonagency though it was, is also engaged in work so close to transportation as to be practically a part of it.

We do not think so. As we read and understand the Supreme Court decisions, written since the Pedersen Case, and especially those most recently written, they hold that while a repairman, injured while engaged in making repairs upon instrumentalities used in interstate commerce, may conceivably be under the act, he will be held to be so only when those repairs are not remotely, but directly an essential part of transportation as motion or action. When the work is upon an object which, as relates to transportation, is static in its nature, and is particularly static when the work in question is performed upon it, though that object may, before the work was done, have been useful and used in interstate commerce, and is to continue so, indeed, though the work was done upon it to make it so, such repairs are of course not transportation, neither are they so close to it as to be a part of it, and the repairman injured while doing them is not within the act.

Measured by that test, plaintiff's case, as matter of law, fails here, for all that he was doing was a continuation of what he had been doing the Friday before, tearing down a part, so as to reduce the compass, of the old platform of a nonagency station, replacing unsound sills, and closing the space under the reduced portion remaining.

Though, then, the platform was sometimes used to discharge interstate freight from interstate railway cars by skids and trucks from car to platform, in such way that persons engaged in such discharging would, within the Burtch Case, supra, and Rhodes v. Iowa, 170 U.S. 412, 18 S.Ct. 664, 42 L.Ed. 1088, be within the meaning of the act, engaged in interstate transportation, plaintiff, in repairing the sills under the platform and closing its sides in, was engaged in work of a static, rather than of a dynamic, of a stand by, rather than of an active, of a remote, rather than an immediate, character as regards transportation, and so engaged, was not within the act.

Since this appeared, as matter of law, from the admitted facts, the District Judge should have instructed a verdict for defendant.

For his failure to do so, the judgment is reversed, and the cause is remanded, for further and not inconsistent proceedings.

Reversed and remanded.