LOUISVILLE, NEW ALBANY & CORYDON RAILROAD
COMPANY *v.* EMILY.

[No. 16,115. Filed February 16, 1938. Rehearing denied
March 29, 1938.]

*Slaymaker, Merrell & Locke,* for appellant.

*Lew M. O'Bannon, C. B. Esken* and *Max Klezmer,* for appellee.

LAYMON, C. J.—This is an appeal from an award of the Industrial Board by a majority of its members, awarding compensation to appellee on account of personal injuries alleged to have been received on Novem-

ber 23, 1935, while in the course of and arising out of his employment with appellant.

After the hearing before the full board on application for review, the board by a majority of its members entered its finding and award. The finding, so far as pertinent to the questions involved in this appeal, is as follows: "That the defendant is an Indiana corporation and operates a line of steam railroad from the city of Corydon, Harrison county, Ind., to the town of Corydon Junction, Harrison county, Ind., a distance of approximately 7 miles, and wholly within the state of Indiana, at which said Corydon Junction the line of railroad of the defendant company connects with the line of steam railroad operated by the Southern Railroad Company which said Southern Railroad Company is engaged in intrastate and interstate transportation; that there is transported over the defendant's said line of steam railroad, shipments of merchandise from the city of Corydon, Ind., to the said Southern Railroad Company at said Corydon Junction and there delivered to said Southern Railroad Company, which said shipments of merchandise are consigned to points within and without the state of Indiana and are transported by the said Southern Railroad Company in intrastate and interstate commerce.

"It is further found by the Full Industrial Board by a majority of its members that the plaintiff herein was engaged in the maintenance department of the defendant, Louisville, New Albany and Corydon Railroad Company; that the duties assigned plaintiff by said defendant company consisted of assisting in the maintenance of the right of way of said defendant company; that the plaintiff was so employed by the defendant in such capacity on the 23rd day of November, 1935, and prior thereto, at an average weekly wage of more than $8.80 and less than $16; that on said 23rd day of November,

1935, plaintiff sustained an accidental injury to the lumbar sacroiliac section of plaintiff's anatomy arising out of and in the course of his employment, of which accidental injury the defendant had due notice and furnished the necessary medical, surgical and hospital services for the first thirty days following said injury."

Upon the finding made an award of compensation was duly entered, from which award appellant prosecutes this appeal, assigning the statutory assignment of error which is sufficient to present all questions sought to be reviewed.

Under the assigned error appellant has challenged the sufficiency of the finding to sustain the award and the sufficiency of the evidence to sustain the finding relating to the question of whether or not appellee, at the time of his injury, was engaged in interstate commerce within the meaning of the term as used in section 40-1219 Burns 1933 (§16395 Baldwin's 1934), of the Indiana Workmen's Compensation Act.

It is conceded by appellee that if he was so engaged at the time of his injury, the Workmen's Compensation Act would not apply and the Industrial Board would be without jurisdiction to award him compensation.

Appellant insists that the following facts found by the Industrial Board "That the plaintiff herein was engaged in the maintenance department of the defendant, Louisville, New Albany and Corydon Railroad Company; that the duties assigned plaintiff by said defendant company consisted of assisting in the maintenance of the right of way of said defendant company; that the plaintiff was so employed by the defendant in such capacity on the 23rd day of November, 1935"; and "that on said 23rd day of November, 1935, plaintiff sustained an accidental injury . . . arising out of and in the course of his employment" show that at the time of his said injury appellee (plaintiff) was engaged in

interstate commerce, and therefore the Industrial Board was without jurisdiction to enter an award of compensation. This contention is not tenable. There is no ultimate fact in the finding to the effect that appellee *at the time of his injury* was engaged in interstate transportation or work so closely related to it as to be practically a part of it. The facts as disclosed by the finding show appellee's general employment and the duties to which he was assigned, but fail to disclose in what particular work he was engaged at the time of his injury. The finding is sufficient to sustain the award.

Appellant, in challenging the sufficiency of the evidence to sustain the finding, has presented the question of whether or not appellee at the time of his injury was engaged in interstate commerce.

The record discloses that at the hearing the parties entered into a stipulation of facts, and in addition thereto introduced testimony. The stipulation recites in part: "That Mart Emily was employed by the Louisville, New Albany and Corydon Railroad Company at the time of the injury as a section hand in repairing the tracks of the Louisville, New Albany and Corydon Railroad Company." Testimony as to what particular work appellee was engaged in at the time he received his injury was introduced into evidence. This testimony disclosed that appellee had returned upon a motor section car to a railroad crossing preparatory to going for his noonday meal, and, while in the act of lifting the motor car for the purpose of turning it around on the railroad tracks in order that it would be headed toward Corydon Junction, appellee was injured. The facts disclosed in this testimony were not in conflict and are undisputed, except so far as they may be said to be inconsistent with the facts contained in the stipulation.

Appellant contends that the stipulation shows that appellee at the time of his injury was engaged in inter-

state commerce, and this fact having been stipulated, appellee is precluded from a recovery under the Workmen's Compensation Act. If we were to follow this contention here, we would be forced to disregard facts established by uncontradicted testimony, and in effect hold that an employee, by an agreement, could impair or forfeit his rights to compensation. Section 15 of the Act, Acts 1929, ch. 172, p. 536, §40-1215 Burns 1933, §16391 Baldwin's 1934, provides: "No contract or agreement, written or implied, no rule, regulation or other device shall, in any manner, operate to relieve any employer in whole or in part of any obligation created by this act." Furthermore, the rule adopted by the courts of this state, in determining the sufficiency of the evidence to sustain the finding on appeal, requires a consideration of the facts most favorable to appellee. It is immaterial whether these facts are disclosed by stipulation or testimony adduced at the hearing.

Appellant further contends that inasmuch as appellee concedes that appellant was engaged in interstate commerce at the time of appellee's injury, and in order for appellee to recover compensation under the provisions of the Indiana Workmen's Compensation Law, it is incumbent upon appellee to prove that he was not engaged in interstate commerce at the time of his injury, and that the record shows that appellee has failed in his proof. The facts most favorable to appellee as disclosed by the record, and which are determinative of the question presented, are as follows: that appellee was in the employ of appellant as a section hand and had been engaged in the repairing of appellant's railroad tracks; that on the day of receiving his injury appellee had been working around the track, and, together with another employee and the section foreman, drove a motor section car up the track to a railway crossing preparatory to going for his noonday meal; that upon reaching

the crossing, appellee attempted to lift the motor car for the purpose of turning it around on the tracks in order that it would be headed toward Corydon Junction; and that in the act of lifting the motor car appellee was injured.

In determining the question of whether or not an employee is engaged in interstate commerce, both the courts of our state and the Supreme Court of the United States have very clearly and definitely stated the true test which is to be applied. The test is, Was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it? *Chicago, Milwaukee & St. Paul Railway Company* v. *Chinn et al.* (1923), 86 Ind. App. 646, 137 N. E. 885; *Squibb* v. *Elgin, Joliet & Eastern Ry. Co.* (1934), 99 Ind. App. 136, 190 N. E. 879; *Kooken* v. *C. I. & L. R. R. Co.* (1935), 100 Ind. App. 669, 196 N. E. 534; *Cleveland, etc., R. Co.* v. *Ropp* (1921), 190 Ind. 115, 129 N. E. 475; *Shanks* v. *Delaware, L. & W. R. Co.* (1915), 239 U. S. 556, 36 S. Ct. Rep. 188, 60 L. Ed. 436; *Chicago, etc., R. Co.* v. *Harrington* (1916), 241 U. S. 177, 36 S. Ct. Rep. 517, 60 L. Ed. 941; *Chicago & E. Ill. R. Co.* v. *Industrial Com.* (1931), 284 U. S. 296, 52 S. Ct. Rep. 151, 76 L. Ed. 304.

The Supreme Court of the United States, in passing upon the question as to when railroad employees are engaged in interstate commerce, was primarily concerned with the practical intent and purpose of the Federal Employers' Liability Act.

In the case of *Shanks* v. *Delaware, L. & W. R. Co., supra,* the court said (p. 558) : "Having in mind the nature and usual course of the business to which the act relates and the evident purpose of Congress in adopting the act, we think it speaks of interstate commerce, not in a

technical legal sense, but in a practical one better suited to the occasion . . ."

In the instant case we are concerned with the application of the Workmen's Compensation Act, which is remedial in character and requires a liberal construction to the end that its humane purposes may be accomplished. *Indian Creek Coal and Mining Company* v. *Wehr et al.* (1920), 74 Ind. App. 141, 127 N. E. 202, 128 N. E. 765; *Squibb* v. *Elgin, Joliet & Eastern Ry. Co., supra.*

We think that the evidence is sufficient to show that at the time of the accident appellee was not engaged in interstate transportation, nor was he doing any act in furtherance thereof or an act which was directly or immediately connected with the transportation of appellant's railroad, so as substantially to form a necessary incident thereof. In the case of *Shanks* v. *Delaware, L. & W. R. Co., supra,* the court, in applying the rule, said (p. 558) : "What his employment was on other occasions is immaterial, for, as before indicated, the act refers to the service being rendered when the injury was suffered." In the case of *Chicago, etc., R. Co.* v. *Harrington, supra,* the court said (p.180) : ". . . it is not important whether he had previously been engaged in interstate commerce, or that it was contemplated that he would be so engaged after his immediate duty had been performed."

Applying the principles adopted by both the Federal and our state courts, we are compelled to hold that appellee, while attempting to lift the motor car in order to turn it around on the tracks, was not engaged in an act or duty immediately connected with interstate transportation and was not engaged in interstate commerce within the meaning of the Indiana Workmen's Compen-

sation Act. The evidence is sufficient to sustain the finding.

Award affirmed with the statutory penalty of 5 per cent.